### 35961. OGDEN v. CLARK THREAD COMPANY.

CARLISLE, J. By the terms of the Workmen's Compensation Act an injured employee coming within none of the statutory exceptions, must file his claim for compensation with the State Board of Workmen's Compensation within one year from the date of the accident in which he is injured or his claim for compensation will be forever barred. Code § 114-305; *Welchel* v. *American Mutual Liability Ins. Co.*, 54 *Ga. App.* 511 (188 S. E. 357), and citations. And while it is clear from the provisions of Code §§ 114-706 and 114-707, that the General Assembly contemplated an expeditious determination of claims filed under the act, we find no provision in the act setting any limitation upon the time within which a claim for compensation must be heard and adjudicated. After or at the time the claim for compensation is filed, giving the State Board of Workmen's Compensation jurisdiction of the claim, either the employer or the employee may request a hearing of the matter before the board. Of course, if a claim filed is withdrawn by the party filing it before a hearing is had, it is as though no claim had been filed, and the State Board of Workmen's Compensation would be without jurisdiction to entertain a second claim filed after the expiration of the statutory limitation for which provision is made in Code § 114-305. *Maryland Casualty*

*Co.* v. *Gill,* 46 *Ga. App.* 746 (169 S. E. 245). However, where a claim is filed within the statutory period and never withdrawn, the board may entertain the claim at any time thereafter. *Bituminous Casualty Corp.* v. *Mallory,* 63 *Ga. App.* 714 (12 S. E. 2d 112); *Roddy* v. *Hartford Accident &c. Co.,* 65 *Ga. App.* 632 (16 S. E. 2d 81); *Metropolitan Casualty Ins. Co.* v. *Maloney,* 56 *Ga. App.* 74 (192 S. E. 320); *Couey* v. *Durham Land Co.,* 57 *Ga. App.* 279 (195 S. E. 229). Under an application of these principles of law to the facts of the present case, the board erred in ruling that the claimant's application for a hearing, filed November 12, 1954, following the filing of his claim on September 15, 1952, for compensation for injuries sustained on December 19, 1951, was barred by the statute of limitation, and the superior court erred in affirming that ruling. The claim was filed within the prescribed statutory period; and, although on request of the claimant, the board set a date for hearing, and although before the date of the hearing the claimant requested that the "application for hearing be dismissed without prejudice," it is nowhere made to appear that the claim for compensation was withdrawn or dismissed.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 20, 1956.

*Paul Webb, Jr., Bertram S. Boley,* for plaintiff in error.
*J. G. Roberts,* contra.