A01A0385. BAUGH-CARROLL v. HOSPITAL AUTHORITY OF RANDOLPH COUNTY.
(545 SE2d 690)

BLACKBURN, Chief Judge.

We granted this discretionary appeal to review whether the superior court erred by reversing a workers' compensation award. At issue is whether the superior court failed to defer to an explicit factual finding that the employer/self-insurer had waived a possible defense to its former employee's claim for disability income benefits. After review, we find that the employer/self-insurer waived any defense that could otherwise have been asserted under OCGA § 34-9-104, and, therefore, we reverse.

Felicia Baugh-Carroll was employed by the Hospital Authority of Randolph County d/b/a Joe-Anne Burgin Nursing Home from 1987 until 1998. In 1992, she sustained a compensable injury to her right knee, underwent arthroscopic surgery, and obtained temporary total disability benefits from January 29, 1992, through March 21, 1992. Baugh-Carroll, a nurse's aide, went back to the nursing home to do a light-duty assignment, which was largely sedentary. She remained under the care of an orthopedic surgeon who performed a second right knee arthroscopic procedure in June 1997. Baugh-Carroll returned to an approved light-duty position on July 14, 1997, and did not receive temporary total disability benefits after that date. In March 1998, for personal reasons, she resigned from the nursing

home and relocated to Florida.

In September 1998, Baugh-Carroll began working for a mental hospital in Florida as an observer of patients, again doing primarily sedentary tasks. After being employed at the mental hospital for about ten months, she resigned, claiming that she could no longer work due to "unbearable pain" in both knees. Subsequently, Baugh-Carroll sought workers' compensation benefits from the Hospital Authority of Randolph County ("Hospital Authority" or "employer/ self-insurer").

In awarding benefits, the administrative law judge ("ALJ") found that Baugh-Carroll's medical records documented that she had begun experiencing problems with her left knee in 1996 while still working at the nursing home. While recognizing the conflicting notations entered in certain medical reports, the ALJ determined that the "problems with her left knee were at least aggravated, if not caused, by her original on-the-job accident and injury." Deciding that the evidence showed a causal relationship between the original injury to her right knee and her later problems with her left knee, the ALJ found Baugh-Carroll had sustained "a superadded injury as a result of her on-the-job accident and injury of January 29, 1992." The ALJ further found that Baugh-Carroll was totally disabled from working since April 26, 1999, when she resigned from her employment at the mental hospital in Florida. The ALJ expressly noted that in defending the claim, the employer/self-insurer had failed to assert the appropriate statute of limitation. The ALJ found:

> The only statute of limitations defense was one raised by [her] employer in their brief that the statute of limitations in OCGA § 34-9-82 barred Ms. Baugh-Carroll's claim for disability benefits as she did not file a claim in a year of resigning her duties March 31, 1998. However, this is not the applicable statute as Ms. Baugh-Carroll has undergone a change in condition. Further, Ms. Baugh-Carroll was not disabled as a result of this injury until April 26, 1999.

The ALJ decided that Baugh-Carroll was entitled to disability benefits from April 26, 1999, and continuing and also to medical treatment for her left knee. The ALJ found, however, that Baugh-Carroll was not entitled to temporary total disability benefits from March 30, 1998, to September 23, 1998, because she had been capable of performing the light-duty job offered to her by the nursing home.

The Hospital Authority appealed to the State Board of Workers' Compensation ("Board"). In conducting its review, the Board noted that only two errors were being asserted: "(1) the employee's left knee is a super-added injury, and (2) the provision of medical treatment by

the employer/self-insurer for the employee's left knee injury." Finding a preponderance of competent and credible evidence in the record to support the award, the appellate division adopted it. An amended attorney fee approval was also incorporated into that award.

The Hospital Authority appealed to the superior court, which upheld the part of the award relating to medical benefits for Baugh-Carroll's left knee but vacated the portions that awarded temporary total disability benefits. In reversing part of the award, the superior court noted that Baugh-Carroll's "superadded injury" constituted a change in condition and that as such the "claim for reinstatement of temporary total disability benefits is, therefore, precluded by OCGA § 34-9-104 (b)." Although the ALJ had entered a finding that "Baugh-Carroll began making complaints with respect to her left knee in 1996," the superior court decided that "the first indication of the left knee problem did not manifest until more than two years after the last payment of indemnity benefits." The superior court concluded that Baugh-Carroll's claim for temporary total disability benefits was untimely since more than two years had elapsed since July 14, 1997, the date of the last payment of benefits by the Hospital Authority and the filing of the claim on July 28, 1999.

1. Baugh-Carroll contests the reversal of the award of temporary total disability benefits, contending that the employer/self-insurer waived its right to assert the two-year statute of limitation defense by first raising that defense in its appeal before the superior court. We agree. When reviewing a workers' compensation award, the superior court is authorized only to affirm, reverse, or under certain circumstances, to remand to the Board for further proceedings. *Willis v. Holloway*.[1] See OCGA § 34-9-105 (c). When a finding of fact made by the full Board is supported by any evidence, it is conclusive and binding upon the superior court. *Wesleyan College v. Mains*.[2] Issues not raised at the Board level cannot be considered by the superior court. *Craig v. Red Lobster Restaurant*.[3]

The threshold issue is a factual question — whether the Hospital Authority timely raised the applicable statute of limitation defense to the claim. The bar of the statute of limitation is a privilege to the defendant, the benefit of which it may elect to take advantage of or to waive as it pleases. *Davis v. Betsill*.[4] A defendant may not avail itself of an affirmative defense which it failed to present. Id. In a workers' compensation case, unless asserted no later than the first hearing, an employer or its insurer waives a statute of limitation defense. *St.*

[1] *Willis v. Holloway*, 154 Ga. App. 3 (267 SE2d 795) (1980).
[2] *Wesleyan College v. Mains*, 207 Ga. App. 562 (428 SE2d 577) (1993).
[3] *Craig v. Red Lobster Restaurant*, 214 Ga. App. 829, 830 (449 SE2d 307) (1994).
[4] *Davis v. Betsill*, 178 Ga. App. 730, 732 (3) (344 SE2d 525) (1986).

*Paul Mercury Indem. Co. v. Oakley.*[5] See *Maryland Cas. Co. v. Smith.*[6]

Here, the Hospital Authority relied solely upon the one-year statute of limitation defense set forth in OCGA § 34-9-82 (a) which, with certain exceptions, bars claims not filed by an employee within one year after injury. On the other hand, OCGA § 34-9-104 (b) generally precludes untimely claims for temporary disability benefits predicated upon a change in condition when such claims are not filed within two years after the last receipt of disability income benefits. See *Ga.-Pacific Corp. v. Arline.*[7] While the one-year limitation period in OCGA § 34-9-82 applies to "all issues" cases, an altogether different statutory framework set forth in OCGA § 34-9-104 governs change in condition cases where disability payments were previously made. See *Watson v. Universal Ceramics.*[8] The provisions of the "all issues" statute of limitation contained in OCGA § 34-9-82 do not apply to "change in condition" actions filed subsequent to the payment of disability benefits. *Old Colony Ins. Co. v. Bennett.*[9] See *Automatic Sprinkler Corp. v. Rucker.*[10] Thus, when a previous award has been made which awarded income benefits, as here, the case is not an "all issues" case within the ambit of OCGA § 34-9-82. See *Wier v. Skyline Messenger Svc.*[11] See also Kissiah, Ga. Workers' Compensation Law (1997), §§ 9-4 through 9-6 (d), pp. 312-339.

The record unambiguously shows that the Hospital Authority failed to assert a defense under OCGA § 34-9-104, in its brief directed to the ALJ or in its appellate brief addressed to the Board. Nor did the Hospital Authority challenge the timeliness of the claim as one of the two issues it raised before the Board. Instead, the Hospital Authority repeatedly asserted that the claim was barred by the one-year limit in OCGA § 34-9-82 because more than a year had passed from the date of the original compensable injury. No other time limitation provision was argued, cited, or advanced until the Hospital Authority appealed to the superior court. By not asserting this defense in a timely manner, the Hospital Authority waived it. See *Davis v. Betsill*, supra.

The Hospital Authority now argues that it did not receive sufficient notice that Baugh-Carroll was filing a claim for a change in condition and contends that Baugh-Carroll was limited to the relief sought in the WC-14. At the start of the hearing, however, Baugh-Carroll's counsel plainly stated, "[y]our honor, we seek surgery for

---

[5] *St. Paul Mercury Indem. Co. v. Oakley*, 73 Ga. App. 97, 101-102 (35 SE2d 562) (1945).

[6] *Maryland Cas. Co. v. Smith*, 122 Ga. App. 262, 263 (1) (176 SE2d 666) (1970).

[7] *Ga.-Pacific Corp. v. Arline*, 225 Ga. App. 800, 801 (484 SE2d 678) (1997).

[8] *Watson v. Universal Ceramics*, 209 Ga. App. 135, 136 (433 SE2d 104) (1993).

[9] *Old Colony Ins. Co. v. Bennett*, 108 Ga. App. 499, 500 (1) (133 SE2d 415) (1963).

[10] *Automatic Sprinkler Corp. v. Rucker*, 87 Ga. App. 375, 380 (1) (73 SE2d 609) (1952).

[11] *Wier v. Skyline Messenger Svc.*, 203 Ga. App. 673, 676 (417 SE2d 693) (1992).

the left knee, payment of certain medical bills, and there may be some disability issues also." By not objecting, the Hospital Authority waived any right it would otherwise have had to object to the sufficiency of notice or to the scope of the hearing. See *Maddox v. Elbert County Chamber of Commerce*.[12]

2. Baugh-Carroll contends that the superior court contravened the "any evidence" standard of review when the court vacated the award of disability benefits from April 26, 1999, and continuing, and the attorney fees pertaining thereto. We agree.

An employee sustains a compensable superadded injury when, as a result of a work-related disability to one part of the body, the employee suffers a disabling injury to another part of the body. *ITT Continental Baking Co. v. Comes*.[13] Such superadded injuries are generally considered compensable because they constitute either a change in the employee's condition or a new accident. *Paideia School v. Geiger*.[14] Here, the Board found the left knee problems constituted a change in condition. Because the record contains some evidence to support that finding, under the "any evidence" standard of review, that award and the Board's affirmance of it must be upheld. See *Winn Express Co. v. Hall*.[15] Accordingly, the superior court erred by substituting its own finding that Baugh-Carroll's left knee problems were first manifested on a much later date than determined by the Board. See *Guarantee Mut. Ins. Co. v. Wade Investments*.[16] Because the evidence supports the factual finding of a change in condition and the law authorizes that finding, the superior court erred in reversing the award. See id.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2001 —
RECONSIDERATION DENIED MARCH 14, 2001 — ■

*Vansant, Corriere & McClure, Alfred N. Corriere*, for appellant.
*Bowles & Bowles, Jesse G. Bowles III*, for appellee.

---

[12] *Maddox v. Elbert County Chamber of Commerce*, 191 Ga. App. 478, 480 (1) (a) (382 SE2d 150) (1989).

[13] *ITT Continental Baking Co. v. Comes*, 165 Ga. App. 598, 599 (1) (302 SE2d 137) (1983).

[14] *Paideia School v. Geiger*, 192 Ga. App. 723, 724 (2) (386 SE2d 381) (1989).

[15] *Winn Express Co. v. Hall*, 202 Ga. App. 45, 47 (413 SE2d 505) (1991).

[16] *Guarantee Mut. Ins. Co. v. Wade Investments*, 232 Ga. App. 328, 330 (499 SE2d 925) (1998).