A08A1854. WILLIAMS v. CONAGRA POULTRY OF ATHENS, INC. et al.
(673 SE2d 105)

MILLER, Chief Judge.

Deborah Williams appeals from the trial court's decision affirming the decision of the Appellate Division of the State Board of Workers' Compensation ("Board") denying her request for catastrophic injury[1] payments pursuant to OCGA § 34-9-261. Williams argues that the trial court erred in affirming the Board's decision upon the finding that her request for additional disability income benefits was time-barred because she had not experienced a "change in condition" pursuant to OCGA § 34-9-104 (b). Discerning no error, we affirm.

The question of whether a workers' compensation claimant's request for additional income benefits is subject to the two-year

---

[1] The Code section in effect on the date of Williams's injuries, OCGA § 34-9-200.1 (g), defined "catastrophic injury" as

. . .

any injury which is one of the following:
(1) Spinal cord injury involving severe paralysis of an arm, a leg, or the trunk;
(2) Amputation of an arm, a hand, a foot, or a leg involving the effective loss of use of that appendage;
(3) Severe brain or closed head injury as evidenced by . . . ;
(4) Second or third degree burns over 25 percent of the body . . . ;
(5) Total or industrial blindness; or
(6) Any other injury of a nature and severity as has qualified or would qualify an employee to receive disability income benefits under Title II or supplemental security income benefits under Title XVI of the Social Security Act. . . .
*Cobb County School Dist. v. Barker*, 271 Ga. 35 (518 SE2d 126) (1999).

statute of limitation contained in OCGA § 34-9-104 (b), based on catastrophic injury status, is one of law. "[E]rroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review. [Cit.]" *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

The evidence shows that, in November 1992, Williams injured her neck and shoulders while working at a chicken plant owned by Conagra Poultry of Athens, Inc. ("Conagra"). She received temporary total disability benefits for the maximum allowable period of 400 weeks, which ended in April 2001. In March 2002, Williams requested that her injury be designated "catastrophic," which the Board denied in August 2002. She filed a second request for catastrophic injury designation in April 2003. The Board denied that request as well, but the decision stated that Williams could submit another request if she included evidence of her current work restrictions. Williams chose not to appeal either denial, but in September 2003, submitted a third request for catastrophic injury designation, this time including work restriction information. In October 2003, based on this additional evidence, the Board approved Williams's request.

Conagra filed a request for a hearing before an administrative law judge ("ALJ"), and the parties thereafter entered into a consent agreement pursuant to which Conagra accepted Williams's claim of a "catastrophic injury" for medical benefits only. The parties also agreed to submit the issue of Williams's entitlement to additional income benefits to an ALJ, without a hearing. The ALJ ruled that Williams was not entitled to additional income benefits upon catastrophic injury designation in light of the expiration of the two-year statute of limitation set out in OCGA § 34-9-104 (b). First, the Board and then the superior court affirmed the ALJ's decision. We granted Williams's application for discretionary review of the superior court's judgment, and she now appeals, arguing that the two-year limit for modifying disability income benefits in OCGA § 34-9-104 (b) did not bar her claims for additional income benefits because she had not experienced a "change in condition" as required thereunder. We disagree.

OCGA § 34-9-104 (b) (for seeking a modification of income benefits) provides:

. . .

> [A]ny party may apply under this Code section for another decision because of a *change in condition* ending, decreasing, *increasing*, or authorizing *the recovery of income benefits . . . , provided . . . that at the time of application not more than two years have elapsed since the date the last*

*payment of income benefits* pursuant to Code section 34-9-261 [(Compensation for total disability)] or 34-9-262 [(Compensation for temporary partial disability)] was actually made under this chapter. . . .

(Emphasis supplied.) OCGA § 34-9-104 (a) (1) defines

the term "change in condition" [as] a change in the wage-earning capacity, physical condition, *or status of an employee* . . . , which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee . . . was last established by award or otherwise.

(Emphasis supplied.)

The weekly income benefit payable under OCGA § 34-9-261 is capped at 400 weeks from the date of injury except that if the injury is "catastrophic," payments continue indefinitely unless and until a "change in condition for the better . . ." occurs. Id. Williams's claim to the contrary notwithstanding, her third request for catastrophic injury designation constitutes a request for a change in status (see *Cobb County School Dist. v. Barker*, 271 Ga. 35, 39 (3) (518 SE2d 126) (1999) (describing catastrophic injury designation as a status)), i.e., a change in condition within the meaning of OCGA § 34-9-104 (a) (defining a change in condition as, among other things, a change in status). Such a change in condition authorizes the payment of income benefits beyond the 400 weeks already paid for an indefinite period. OCGA § 34-9-261. Given the foregoing, Williams's request must be deemed to be a request made upon a change in condition seeking the recovery of increased income benefits. Such a request is plainly subject to OCGA § 34-9-104 (b), as given emphasis above, including the two-year statute of limitation set out therein. See *United Grocery Outlet v. Bennett*, 292 Ga. App. 363, 364 (665 SE2d 27) (2008) ("[W]hen a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms.") (citation and punctuation omitted). Because the request at issue was made after the expiration of the two-year limitation period in OCGA § 34-9-104 (b) (see id. (the limitation period runs from "the day last income payment was actually made[ ]")), the request for increased income benefits, based on catastrophic injury status, was untimely filed and time-barred.

Accordingly, the trial court's denial of Williams's request for additional income benefits pursuant to OCGA § 34-9-104 (b) was not error. *Trent Tube*, supra, 261 Ga. App. at 525.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 28, 2009 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Clements & Sweet, John F. Sweet*, for appellant.
*Raymond L. Crowell*, for appellees.
*Drew, Eckl & Farnham, Daniel C. Kniffen, John G. Blackmon*, amici curiae.