A08A1628. TARA FOODS et al. v. JOHNSON.
(676 SE2d 418)

ADAMS, Judge.

Tara Foods and Sedgwick CMS (hereinafter collectively "Tara Foods") appeal after we granted their application for discretionary review. The application sought review of the superior court's order reversing a decision by the Appellate Division of the State Board of Workers' Compensation. Tara Foods contends the superior court committed legal error in finding that Beverly Johnson made an application for catastrophic designation of her compensable injury within the statutory time frame set out in OCGA § 34-9-104 (b). Both the administrative law judge ("ALJ") and the Appellate Division found that Johnson's claim for catastrophic designation was barred by the statute of limitation, which requires an "application" to be filed within two years of the last payment of income benefits. OCGA § 34-9-104 (b). The superior court reversed, finding Johnson made a proper application for catastrophic designation under the statute. Because we find that the ALJ and the Appellate Division correctly interpreted the applicable statute of limitation, we reverse.

Our review in this case is governed by the principle that "erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to the de novo standard of review." (Citation omitted.) *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003). See also *Rite-Aid Corp. v. Davis*, 280 Ga. App. 522, 523 (1) (634 SE2d 480) (2006).

The facts in this case are undisputed. On November 30, 1992, Johnson sustained a work injury to her neck, which Tara Foods accepted as compensable. Johnson received income benefits arising from this injury. The last benefit was paid August 28, 2001. In November 2002, Johnson filed a WC-14 form. The form included three options: "notice of claim," "request for hearing," and "request for mediation." Johnson marked the box beside "notice of claim." She also indicated by checking the appropriate line that she was *not* requesting a hearing. In addition, she checked a line reading, "Add additional issues (see reverse)." On the reverse of the form, Johnson checked the box next to "income benefits" and wrote "TTD[1] from 8-28-01 for catastrophic designation." But because Johnson did not request a hearing, no hearing was scheduled and no action was taken with regard to this form.

On August 22, 2005, Johnson filed another WC-14 for payment of certain medical expenses. This time Johnson checked the appropriate box to indicate that she was requesting a hearing, but this filing did not make reference to a catastrophic designation. Before a hearing was held, however, the parties entered into a Consent Agreement resolving the medical benefits issue. Under the agreement, "[t]he parties agree that there are no additional issues before the court at this time and this case can be removed from the active docket." The ALJ approved the Consent Agreement on January 20, 2006.

On September 15, 2006, Johnson filed a third WC-14 indicating that she was requesting a hearing. Johnson also checked the box for "catastrophic designation" and specified "for continued TTD (440 wks paid)." The matter was subsequently scheduled for a hearing before the ALJ. The ALJ determined that because more than two years had elapsed between the last payment of income benefits by Tara Foods and the filing of the third WC-14, the statute of limitation had expired on Johnson's request for catastrophic designation. The Appellate Division adopted the ALJ's decision. As noted above, however, the superior court reversed, finding Johnson made a timely application for catastrophic designation.

---

[1] "TTD" refers to total temporary disability benefits pursuant to OCGA § 34-9-261. See generally *Mechanical Maintenance v. Yarbrough*, 264 Ga. App. 181 (590 SE2d 148) (2003).

18

Two separate statutes of limitation apply to workers' compensation claims. One applies to "all issues" claims in which a claimant is initially seeking compensation for a work-related injury. See *Baugh-Carroll v. Hosp. Auth. of Randolph County*, 248 Ga. App. 591, 594 (1) (545 SE2d 690) (2001). The "all issues" statute of limitation is one year as set forth in OCGA § 34-9-82 (a), and the statute is tolled by filing a "claim." The second statute of limitation, set out in OCGA § 34-9-104 (b), relates to a "change in condition," which involves "an altogether different statutory framework." *Baugh-Carroll*, 248 Ga. App. at 594 (1). The second statute of limitation applies to claims such as Johnson's, in which compensability has already been established. Id. That statute, unlike the "all issues" statute, does not speak in terms of filing a claim, but rather provides that

> any party *may apply . . . for another decision* [regarding TTD benefits] because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits . . . provided . . . that at the time of *application* not more than two years have elapsed since the date the last payment of [TTD] income benefits . . . was actually made.

(Emphasis supplied.) OCGA § 34-9-104 (b). Thus, the two-year "change in condition" statute of limitation may only be avoided by applying for a decision on a change in condition request within two years of the last payment of income benefits. Under the plain language of the statute, therefore, merely giving notice of a claim does not suffice to toll the limitation period. "[W]hen a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms." (Punctuation and footnote omitted.) *Mechanical Maintenance v. Yarbrough*, 264 Ga. App. 181, 184 (590 SE2d 148) (2003).

It is undisputed that Johnson's request for catastrophic designation is governed by the two-year statute of limitation set forth in OCGA § 34-9-104 (b). It is also undisputed that Johnson received her last payment of income benefits on August 28, 2001, and she did not file a WC-14 requesting a hearing on her application for catastrophic designation until September 15, 2006. Nevertheless, Johnson contends that her November 2002 WC-14, which she designated as a "Notice of Claim," and which requested no hearing, constituted an application for a change of condition within the meaning of OCGA § 34-9-104 (b).

But we find, along with the ALJ and the Appellate Division, that

the 2002 WC-14 failed to meet the requirements for an application for a decision under OCGA § 34-9-104 (b), as it only gave notice of a claim for a change in condition. Indeed, even though Johnson apparently knew she might qualify for a catastrophic designation in 2002, she took no action to obtain a decision on that claim within the statutory period. And when she filed another WC-14 in 2005, she did not raise the issue of a catastrophic designation, but instead resolved her issues with Tara Foods in a consent order that provided that no other issues were pending between the parties. It was not until September 16, 2006, more than five years after the last payment of income benefits, that Johnson sought a decision on her request for catastrophic injury status. Her application, therefore, was time-barred. See *Williams v. Conagra Poultry of Athens*, 295 Ga. App. 744 (673 SE2d 105) (2009) (holding claimant's third request for a change of condition time-barred where claimant filed two previous timely requests, on which she had obtained unfavorable decisions).

The cases relied upon by the superior court to reverse the Appellate Division are distinguishable from the undisputed facts in this case. See *Baugh-Carroll*, 248 Ga. App. at 591; *Complete Auto Transit v. Reavis*, 105 Ga. App. 364 (124 SE2d 491) (1962); and *Ogden v. Clark Thread Co.*, 93 Ga. App. 227 (91 SE2d 191) (1956). Two of the cases are inapposite as they involve "all issues" claims governed by OCGA § 34-9-82 (a). The *Ogden* case involved a new claim as opposed to a "change in condition" claim. 93 Ga. App. at 227. Thus, the filing of a notice of claim was sufficient in that case to toll the applicable statute of limitation. Id. at 228. The *Reavis* case also involved an "all issues" claim rather than a "change in condition" as the claimant was seeking a determination that his injury was compensable. 105 Ga. App. at 364 (1). Accordingly, the Court in *Reavis* analyzed the evidence under the one-year statute of limitation applicable to "all issues" claims. Id. at 365 (2). Finally, in *Baugh-Carroll*, this Court determined that the employer/self-insurer waived its statute of limitation defense under the "change in condition" statute because it did not raise the issue until the case was on appeal. 248 Ga. App. at 594-595 (1). Tara Foods, however, raised the statute of limitation defense before the ALJ, and obtained a ruling on the issue. Accordingly, none of the cases cited by the superior court supports its decision, and we reverse the court's order reversing the decision of the Appellate Division.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED MARCH 26, 2009 ■■■■■■■

*Gardner, Willis, Sweat & Goldsmith, Todd S. Handelman*, for appellants.

*Henry A. Hammack*, for appellee.