### A09A1226. THE KROGER COMPANY et al. v. WILSON.
(687 SE2d 586)

JOHNSON, Presiding Judge.

Tommy J. Wilson, a former truck driver for the Kroger Company, applied to have his job-related back injuries designated as "catastrophic" so that he could resume receipt of workers' compensation income benefits that otherwise were statutorily exhausted. The administrative law judge who heard the catastrophic designation claim found that it was time-barred, but the appellate division of the State Board of Workers' Compensation reversed. The superior court affirmed the Board's decision. Kroger and its workers' compensation insurer (collectively, "Kroger") applied for discretionary review of the superior court judgment. We granted the application. For the reasons that follow, we reverse.

The facts here are not in dispute. Wilson injured his back on the job in 1994. He underwent spinal surgery and remained out of work for nearly two years. Wilson eventually returned to Kroger doing light duty work, and continued in this position for 14 months. Wilson's pain continued and he underwent spinal surgery for a second time in February 1998. In August 1998, Wilson returned to work at Kroger,[1] despite continued back pain and other ailments. This time, he worked in a sedentary position as a dispatcher. Wilson worked fewer hours because of the pain and, in May 2004, stopped working altogether upon the advice of his physician.

Kroger paid Wilson temporary total disability benefits for the period he was out of work, and temporary partial disability benefits when he performed light duty and sedentary work. Wilson received his last temporary partial disability benefits payment in September 2001, when he exhausted his benefits. He continued working without receiving income benefits.

In August 2003, Wilson filed a WC-14 form requesting a hearing and seeking temporary total and/or temporary partial disability

---

[1] In 1998, Kroger outsourced the transportation portion of its business to Ruan Transport, and Wilson became an employee of Ruan from 1998 until 2004.

benefits from September 2001 on. Although there were spaces on the form in which Wilson could "[a]dd additional issues," he included nothing concerning a catastrophic injury designation. Wilson later withdrew his request for a hearing, and no action was taken on the claim.

In April 2006, Wilson filed an Employee's Request for Catastrophic Designation form, or WC-R1CATEE, requesting that his condition be designated as catastrophic.[2] An administrative law judge issued an order finding that Wilson's claim for lifelong income benefits based upon a catastrophic designation was time-barred under OCGA § 34-9-104 (b).

In the absence of legal error, the factual findings of the appellate division must be affirmed by the superior court and by this Court when supported by any evidence in the administrative record.[3] Erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to de novo review.[4]

1. We first examine what limitation period applies to a claim for catastrophic injury designation. The Code section defining catastrophic status, OCGA § 34-9-200.1, does not specify a statute of limitation for requesting a catastrophic injury designation. However, this Court has recently held that entitlement to payment of income benefits pursuant to a catastrophic injury designation is subject to the statute of limitation set out in OCGA § 34-9-104 (b).[5]

OCGA § 34-9-104 (b) provides in relevant part:

> *Modification of prior final decision.* . . . [A]ny party may apply under this Code section for another decision because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision, provided that . . . at the time of application not more than two years have elapsed since the date of last payment of income benefits pursuant to Code Section 34-9-261 or 34-9-262 was actually made under this chapter.

Wilson's request for a catastrophic injury designation constitutes a

---

[2] See OCGA §§ 34-9-200.1, 34-9-261 (because Wilson exhausted his temporary income benefits, the only way he would be entitled to additional income benefits would be to prove that his injury was catastrophic in nature).

[3] *Trent Tube v. Hurston*, 261 Ga. App. 525 (583 SE2d 198) (2003).

[4] Id.

[5] *Williams v. Conagra Poultry of Athens*, 295 Ga. App. 744, 746 (673 SE2d 105) (2009); *Tara Foods v. Johnson*, 297 Ga. App. 16 (676 SE2d 418) (2009).

request for a change in status or condition.[6] Because Wilson sought to receive additional income benefits, he had two years from the date of his last income benefits payment in which to file his claim for a catastrophic injury designation.

2. The second issue is whether Wilson filed his request for a catastrophic injury designation within the two-year statute of limitation period. We hold that he did not.

Wilson's last income benefits payment was made in September 2001. The Board rules require that when a catastrophic designation is disputed, an employee must file a WC-R1CATEE form.[7] Wilson filed a WC-R1CATEE form for catastrophic designation in December 2006, well beyond the two-year statute of limitation period.

Wilson contends his filing of the WC-14 form in August 2003 was sufficient to toll the statute of limitation, because OCGA § 34-9-104 (b) only requires that a party *apply* for a change of condition within two years of the last benefits payment; and he did apply within that time period. However, the only benefits Wilson sought in that WC-14 form were temporary disability benefits. There is no request for a catastrophic injury designation. Nothing in the WC-14 form Wilson filed put Kroger on notice that he was seeking a catastrophic injury designation. In fact, Wilson was still working for Kroger/Ruan when he filed the form. Were we to hold that a statute of limitation for requesting a catastrophic designation is tolled when a working claimant applies for a hearing regarding a temporary disability claim, and then withdraws his hearing request, we would effectively invalidate the statute of limitation on catastrophic injury designation requests.

Additionally, Wilson's attorney's use of a WC-14 claim form, rather than the WC-R1CATEE form specifically designed for catastrophic claims, suggests that Wilson was not seeking a catastrophic injury designation when he filed the form in 2003. A claimant must give notice of the specific issues he seeks to litigate, and failure to do so bars the claim.[8] The administrative law judge properly determined that the catastrophic injury designation claim was time-barred. Therefore, we reverse the superior court's order affirming the decision of the appellate division.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

---

[6] See *Williams*, supra.

[7] Board Rule 200.1 (g) (2).

[8] See *Holliday v. Jacky Jones Lincoln-Mercury*, 251 Ga. App. 493, 495 (1) (554 SE2d 286) (2001).

YALE LAW LIBRARY

DECIDED JULY 8, 2009 —
RECONSIDERATION DENIED DECEMBER 1, 2009 —

*Buckley Brown, Tracy K. Haff*, for appellants.
*Marci W. McKenna*, for appellee.