A10A0377. GEORGIA INSTITUTE OF TECHNOLOGY et al.
v. HUNNICUTT.

(694 SE2d 190)

ELLINGTON, Judge.

Following this Court's grant of an application for discretionary appeal,[1] the Georgia Institute of Technology and Key Risk Management Services, Inc. appeal from the Superior Court of Fulton County's order affirming the State Board of Workers' Compensation's award to Linda Hunnicutt. The appellants contend that the

---

[18] Supra.
[19] Id. at 121.
[20] (Footnote omitted.) Id.
[21] See *Huggins v. State*, 239 Ga. App. 727, 728 (1) (521 SE2d 888) (1999).
[1] See OCGA § 5-6-35 (a) (1).

superior court erred when it adopted the Board's conclusion that Hunnicutt's request for income benefits was not barred by the applicable statute of limitation. For the following reasons, we affirm.

The parties stipulated to the following relevant facts. On appeal, this Court reviews de novo the State Board of Workers' Compensation's application of the law to these undisputed facts. *Kroger Co. v. Wilson*, 301 Ga. App. 345, 346 (687 SE2d 586) (2009). Hunnicutt suffered a compensable job injury on May 6, 1996. The appellants voluntarily paid temporary total disability ("TTD") weekly income benefits until February 2, 2004. Because Hunnicutt's injury had not been designated as "catastrophic"[2] at that point, Hunnicutt received TTD income benefits for the maximum period available to her under OCGA § 34-9-261. That statute provides, in relevant part, as follows:

> While the disability to work resulting from an injury is temporarily total, the employer shall pay or cause to be paid to the employee a weekly benefit[.] . . . The weekly benefit under this Code section shall be payable for a maximum period of 400 weeks from the date of injury; provided, however, that in the event of a catastrophic injury as defined in subsection (g) of Code Section 34-9-200.1, the weekly benefit under this Code section shall be paid until such time as the employee undergoes a change in condition for the better as provided in paragraph (1) of subsection (a) of Code Section 34-9-104.

On July 27, 2005, Hunnicutt timely filed a Request for Catastrophic Designation, Form WC-R1CATEE, asking that the nature of her prior injury be classified as catastrophic. The request did not specifically ask for TTD income benefits beyond those Hunnicutt had already received. The appellants objected to Hunnicutt's request, and requested a hearing on the issue. Following a hearing, the Managed Care and Rehabilitation Division of the Board issued a decision on May 23, 2006, designating Hunnicutt's injury as catastrophic. The decision did not address the issue of TTD income benefits. The appellants filed an appeal from the decision, and the appeal was scheduled for a hearing before an administrative law judge ("ALJ"). The parties postponed the hearing several times, however, in order to conduct discovery. The appellants subsequently voluntarily dismissed the appeal with prejudice. They also agreed to

---

[2] See OCGA § 34-9-200.1 (g) (defining "catastrophic injury").

provide Hunnicutt with rehabilitation benefits pursuant to the catastrophic injury designation.

On December 17, 2007, Hunnicutt filed a Form WC-14 with the Board, requesting a hearing on her claim for TTD income benefits resulting from the designation of her injury as catastrophic; she also claimed that the appellants had failed to pay her medical expenses and requested that the appellants be penalized for late payment. The appellants objected to Hunnicutt's claim for TTD income benefits, asserting that the claim was barred by the two-year statute of limitation contained in OCGA § 34-9-104 (b). Hunnicutt argued, however, that the filing of her request for catastrophic designation, Form WC-R1CATEE on July 27, 2005, within the two-year statute of limitation, either implicitly incorporated a request for TTD income benefits or, alternatively, tolled the statute of limitation with respect to seeking such benefits. In response, the appellants contended that the Form WC-R1CATEE submitted by Hunnicutt did not expressly request TTD income benefits and, thus, neither constituted a timely request for benefits nor tolled the statute of limitation for requesting such benefits. Following a hearing, the ALJ rejected the appellants' argument and granted Hunnicutt's request for TTD income benefits, ordering the appellants to recommence the payment of those benefits from the date those payments had ceased, February 1, 2004, and to continue the payments until the order was terminated or modified. The appellants appealed the ALJ's order to the appellate division of the Board, which adopted the ALJ's findings of fact and conclusions of law and affirmed the award. The appellants then appealed to the Superior Court of Fulton County, which affirmed the award. This appeal followed.

The only issue presented on appeal is whether Hunnicutt's timely[3] filing of her request for catastrophic designation, Form WC-R1CATEE, on July 27, 2005, constituted an application for additional TTD income benefits under OCGA § 34-9-104 (b).

OCGA § 34-9-104 (b), "Modification of prior final decision," provides in relevant part as follows:

> . . . [A]ny party may apply under this Code section for another decision because of a *change in condition*[4] ending,

---

[3] This Court has previously concluded that the "entitlement to payment of income benefits pursuant to a catastrophic injury designation is subject to the statute of limitation set out in OCGA § 34-9-104 (b)." (Footnote omitted.) *Kroger Co. v. Wilson*, 301 Ga. App. at 346 (1).

[4] See OCGA § 34-9-104 (a) (1) (defining "change in condition" as "a change in the wage-earning capacity, physical condition, or status of an employee . . . , which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee . . . was last established by award or otherwise").

decreasing, *increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision,* provided that . . . at the time of application not more than two years have elapsed since the date the last payment of income benefits pursuant to Code Section 34-9-261 [(TTD income benefits)] . . . was actually made under [the Workers' Compensation Act]. . . .

(Emphasis supplied.) Further, the statute which authorizes the payment of TTD income benefits for a maximum of 400 weeks, OCGA § 34-9-261, also provides that, "in the event of a catastrophic injury as defined in subsection (g) of Code Section 34-9-200.1, the weekly benefit under this Code section *shall be paid* until such time as the employee undergoes a change in condition for the better[.]" (Emphasis supplied.)

Thus, under the plain language of these statutes, Hunnicutt's request for designation of her prior injury as "catastrophic" constituted an application under OCGA § 34-9-104 (b) for a decision based upon a "change in condition" which would "increas[e] or authoriz[e] the recovery of [TTD] income benefits" beyond those she had received following her initial injury, pursuant to OCGA § 34-9-261. *Williams v. Conagra Poultry of Athens*, 295 Ga. App. 744, 746 (673 SE2d 105) (2009).[5] Consequently, because Hunnicutt filed her request for catastrophic designation within two years of the date of the last payment of her TTD income benefits, her request was timely under OCGA § 34-9-104 (b). There was no error.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED APRIL 7, 2010 — 

Thurbert E. Baker, Attorney General, Vernis & Bowling, James G. Jackson, for appellants.
Todd K. Maziar, for appellee.

---

[5] In *Williams*, this Court concluded that the plaintiff's request for catastrophic injury designation constituted a request for a decision based upon a "change in condition" within the meaning of OCGA § 34-9-104 (a) and (b), and that such change in condition authorizes the payment of TTD income benefits beyond the 400 weeks already paid, pursuant to OCGA § 34-9-261. *Williams v. Conagra Poultry of Athens*, 295 Ga. App. at 746. Therefore, we concluded that the plaintiff's request constituted a request made upon a change in condition seeking the recovery of increased income benefits. Id.