**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0814. REID v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

BRANCH, Judge.

Michael Reid appeals from a decision of the Fulton County Superior Court denying his request for recovery of statutory penalties owed by his employer, the Metropolitan Atlanta Rapid Transit Authority ("MARTA"), as a result of MARTA's failure to pay Reid his workers' compensation benefits in a timely fashion. In denying Reid's claim, the court below found that Reid was seeking to recover additional workers' compensation benefits, resulting from a change in condition. The court therefore concluded that Reid's claim was barred by the two-year statute of limitation found in OCGA § 34-9-104 (b). For the reasons explained below, we disagree with

the analysis and conclusion contained in the superior court's order, and we therefore reverse that order.

The parties stipulated to the relevant facts, and those facts are therefore undisputed. Accordingly, because this case involves both the application of the law to undisputed facts and the interpretation of the worker's compensation statute, we apply a de novo standard of review. See *R.R. Donnelley v. Ogletree*, 312 Ga. App. 475, 475-476 (718 SE2d 825) (2011); *Trax-Fax, Inc. v. Hobba*, 277 Ga. App. 464, 464 (627 SE2d 90) (2006).

The stipulated facts show that Reid suffered an injury while working at his job with MARTA in October 1999 and he thereafter filed a claim for benefits with the State Board of Workers' Compensation. MARTA did not controvert Reid's claim, but instead began paying him temporary total disability ("TTD") benefits around the end of October 1999. MARTA made a total of 32 payments of TTD benefits to Reid between October 1999 and June 2002; of those payments, 12 were untimely or late under the terms of the workers' compensation statute. Reid returned to work on June 10, 2002, at which time the payment of his TTD benefits was suspended.[1]

---

[1] Reid's claim with the state Board of Workers' Compensation, however remained pending – i.e., it was not closed.

2

In or about May 2010, Reid's attorney sent a letter to MARTA requesting that it pay the statutory penalty due on the 12 late TTD payments made to Reid. MARTA declined this request, asserting that Reid's demand for payment was barred by the applicable statute of limitations. Reid then filed a hearing request with the State Board seeking an order requiring MARTA to pay him the statutory penalties owed him. A hearing was held before an Administrative Law Judge ("ALJ"), who subsequently denied Reid's request, finding that the claim for payment of the wrongfully withheld statutory penalties constituted a "change in condition" under OCGA § 34-9-104, and that the claim was therefore barred under that statute's two-year limitations period. Both the decision and the rationale of the ALJ were subsequently affirmed by the Appellate Division of the State Board. Reid appealed this ruling to the Fulton County Superior Court, which affirmed the decision of the Appellate Division. Reid then filed an application for a discretionary appeal, which this Court granted. This appeal followed.

The superior court found that Reid's claim for the statutory penalties resulted from a "change in condition," as that term is defined in OCGA § 34-9-104, and that the claim is therefore barred by that statute's two-year limitations period. Specifically, the court found that the payment of workers' compensation benefits by an employer

3

constitutes a "condition," and that when an employee seeks to recover benefits that were owed but never paid, the employee is seeking "additional" benefits as a result of a change in condition. We disagree, at least in so far as the superior court applied this rationale to a claim for statutory penalties that were owed to, but wrongfully withheld from, the employee. Rather, we find that neither an employer's violation of the statutory provision governing the time when worker's compensation payments are due, nor the employer's subsequent failure to pay the penalties incurred as a result of these violations, nor an application by the employee to recover those unpaid penalties constitutes a change in the condition of the employee. Accordingly, claims seeking to recover such accrued but unpaid penalties are not subject to the limitation period found in OCGA § 34-9-104.

We begin our analysis with OCGA § 34-9-221, which governs both when workers' compensation payments are due and what penalties are imposed for an employer's failure to make timely payments. That statute provides, in relevant part:

(a) Income benefits shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability is controverted by the employer. . . .
(b) The first payment of income benefits shall become due on the twenty-first day after the employer has knowledge of the injury or death, on which day all income benefits then due shall be paid. Thereafter,

income benefits shall be due and payable in weekly installments; . . . .

(e) If any income benefits payable without an award are not paid when due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof, *which shall be paid at the same time as, but in addition to, the accrued income benefits . . . .*

(Emphasis supplied.) OCGA § 34-9-221.

Here, MARTA has acknowledged that 12 of the 32 payments it owed Reid as a result of his injury were untimely under OCGA § 34-9-221 (b).[2] Thus, the 12 untimely payment checks which MARTA sent to Reid were required by statute to include a 15% penalty; by MARTA's own admission, however, the checks did not include this statutorily-mandated penalty. MARTA argues, and the trial court found,

---

[2] Reid was injured on October 25, 1999. MARTA has stipulated that the payment due Reid for the week of October 26, 1999 was issued on November 26, 1999; the payment due Reid for the week of November 2, 1999 was issued on November 19, 1999; the payment due Reid for the week of November 8, 1999 was issued on November 19, 1999; the payment due Reid for the week of November 15, 1999 was issued on November 26, 1999; the payment due Reid for the week of November 22, 1999 was issued on December 3, 1999; the payment due Reid for the week of January 31, 2000 was issued on February 7, 2000; the payment due Reid for the week of March 13, 2000 was issued on March 24, 2000; the payment due Reid for the period of September 1 through September 3, 2000 was issued on September 15, 2000; the payment due Reid for the week of September 4, 2000 was issued on September 15, 2000; the payment due Reid for the week of September 12, 2000 was issued on September 28, 2000; the payment due Reid for the week of September 17, 2000 was issued on September 28, 2000; and the payment due Reid for the week of May 20, 2002 was issued on June 14, 2002.

that MARTA is relieved of its obligation to pay these penalties because, even though it was MARTA that violated the law, Reid did not raise this issue within the two year limitation period set forth in OCGA § 34-9-104 (b). We disagree.

The statute relied upon by both MARTA and the tribunals below is OCGA § 34-9-104 (b). That statute is captioned "[m]odification of [a] prior final decision" and it provides, in relevant part:

> any party may apply under this Code section *for another decision* because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits *awarded or ordered in the prior final decision*, provided that the prior decision of the board was not based on a settlement; and provided, further, that at the time of application not more than two years have elapsed since the date the last payment of income benefits . . . .

OCGA § 34-9-104 (b) (emphasis supplied.) We find that this statute is inapplicable to the current case for two reasons.

First, the statute defines "change in condition" as "a change in the wage-earning capacity, physical condition, or status *of an employee* . . . which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee . . . was last established by award or otherwise." OCGA § 34-9-104 (a) (1) (emphasis supplied). Thus, by its terms, this statute applies to changes that

6

occur subsequent to the original claim but which nevertheless result from the same accident that resulted in that claim. See, e.g., *Evergreen Packaging v. Prather*, 318 Ga. App. 440, 443 (734 SE2d 209) (2012); *Jones County Bd. of Educ. v. Patterson*, 255 Ga. App. 166, 168 (564 SE2d 777) (2002). And in applying this language, we have held that a change in condition is shown by evidence of a change in the actual physical condition of the employee (for better or worse). Id. See also *Automatic Sprinkler Corp. of America v. Rucker*, 87 Ga. App. 375, 381 (73 SE2d 609) (1952) (the term "change in condition" has a broad meaning and "includes any change in the physical condition of the claimant subsequent to the entering of the award which stems or results from the accident in question"). Where the change is for the worse, the employee must also be able to prove that the changed condition nevertheless resulted from the original injury. *Hartford Ins. Group v. Stewart*, 147 Ga. App. 733, 734 (250 SE2d 184) (1978). Additionally, we have found that a change in condition can include "solely an economic change in condition occasioned by the employee's inability to work or to continue to work for the same or any other employer, which inability is proximately caused by the accidental injury." *Glisson v. Rooms To Go*, 270 Ga. App. 689, 691 (1) (608 SE2d 50) (2004) (citation and punctuation omitted). In this case, Reid is not seeking to recover the statutory late-payment penalties because his

7

physical or economic condition has changed. Rather, he is seeking these penalties because, as a matter of law, they constitute part of the compensation owed him as a result of his initial (and as best we can tell, his only) claim. See *Cartersville Ready Mix Co. v. Hamby*, 224 Ga. App. 116, 118, (479 SE2d 767) (1996) ("the term 'compensation' encompasses *all* of the accrued income benefits, including penalties provided for any late payment") (citation and punctuation omitted).

Second, under the clear and unambiguous language of OCGA § 34-9-104 (b), a "change in condition" award cannot be based upon an initial claim for income benefits, and must be one which seeks the modification of a prior decision regarding income benefits or a prior calculation of those benefits. Reid's claim *is* based, however, upon his initial claim for benefits, and it does not seek a modification of the prior calculation of the amount he was owed. Instead, Reid is seeking payment of amounts owed him as part of his initial (and only) claim for benefits. See *Cartersville Ready Mix*, supra.

Given that Reid is not seeking to recover additional benefits as a result of a change in his physical or economic condition, we are constrained to find that the

8

applicable statute of limitation is the one set forth in OCGA § 34-9-82.[3] That statute provides simply that a claim for workers' compensation benefits must be filed within one year of the date of the accident or injury that gives rise to the claim. OCGA § 34-9-82 (a). It is undisputed that Reid filed the claim that resulted in the payment of his disability benefits within this statute of limitation. And given this fact, we must conclude that any benefits that previously accrued to Reid as a direct result of his timely-filed claim are not time-barred. In other words, under the statute's current language, provided the initial claim for benefits is filed in a timely fashion, an employer is precluded from asserting the statute of limitation as a defense to any subsequent attempt by an employee to recover payment of compensation which accrued and is owed him as a matter of law, but which was wrongfully withheld by the employer.

We recognize that applying the statute according to its terms can lead to results that some may view as absurd. In this case, for example, Reid is seeking to recover the statutory penalties at issue more than ten years after those payments were wrongfully

---

[3] We emphasize that the only limitations periods set forth in the workers' compensation statute are the general statute of limitations set forth in OCGA § 34-9-82 and the statute of limitation applicable to claims seeking a modification of a prior award, based on a change in condition of the employee (OCGA § 34-8-104 (b)).

withheld by MARTA.[4] But any absurdity in this result stems from a hole in the workers' compensation statute, namely its failure to address the time frame in which statutory penalties or other compensation owed by the employer as a matter of law must be pursued by the employee. It is for the legislature, however, rather than this

---

[4] We note that other states have found that the equitable doctrine of laches can apply in the workers' compensation setting. See *Sacco v. Mast Advertising/Publishing*, 896 N.Y.S.2d 524, 527 (N. Y. A. D. 3 Dept., 2010) ("[l]aches may be applied in the context of a workers' compensation case where there is a failure to assert a right for an unreasonable and unexplained length of time, accompanied by other circumstances causing prejudice to an adverse party") (citation and punctuation omitted); *Daugherty v. Cherry Hospital/N.C. Dept. of Health and Human Services*, 670 SE2d 915, 919 (N. C. App., 2009) ("we hold that the equitable law of laches applies in workers' compensation proceedings as in all other cases"); *Richey v. Dickinson*, 598 SE2d 307, 309 (S. C. App., 2004) ("[t]his court has recognized the applicability of the doctrine of laches in a workers' compensation claim"); *Mitchell v. W.C.A.B. (Devereux Foundation)*, 796 A2d 1015, 1017-1018 (Pa. Cmwlth., 2002) ("the doctrine of laches is available in administrative proceedings where no time limitation is applicable, where the complaining party failed to exercise due diligence in instituting an action, and where there is prejudice to the other party"). But see *Homeland Ins. Company/Oklahoma Property and Cas. Guar. Fund v. Rankin*, 848 P.2d 587, 589 (I) (Okl. App., 1993) ("The doctrine of laches is peculiar to courts of equity. An action for workers' compensation benefits is a special statutory proceeding, and does not fall within equitable jurisdiction. Therefore, the doctrine of laches does not apply to a claim for workers' compensation.") (citations omitted). As best we can tell, however, that question has not been decided in Georgia. Moreover, neither party has raised that issue and neither has addressed the question of whether, if applicable, that doctrine would bar Reid's claims. Accordingly, we decline to address the question of whether the doctrine of laches should apply in the context of a workers' compensation claim and, if so, whether that doctrine would bar the recovery sought in this case.

Court, to remedy any deficiencies in the statutory scheme. And we do more harm than good when we give plain statutory language a tortured reading simply to avoid what we in the judiciary may perceive as an undesirable, unfair, or absurd result.

For the reasons set forth above, the order of the court below is reversed.

*Judgment reversed. Ellington, P. J., concurs. Phipps, C. J., concurs in judgment only.*