In the Supreme Court of Georgia

Decided:   September 22, 2014

S13G1812. MARTA v. REID.

THOMPSON, Chief Justice.

We granted a writ of certiorari to the Court of Appeals in Reid v. MARTA, 323 Ga. App. 523 (746 SE2d 779) (2013), and posed this question: Did the Court of Appeals err in holding that the proper statute of limitations for a claim of statutory penalties for late benefits payments in workers' compensation cases under OCGA § 34-9-221 is the general statute of limitations, OCGA § 34-9-82, rather than the change in condition statute of limitations, OCGA § 34-9-104 (b)?  We answer this question affirmatively.

The facts are not in dispute: Following an injury in October 1999, employee filed a claim for workers' compensation benefits.  Shortly thereafter, employer began paying the first of 32 payments of temporary total disability benefits.  Twelve of the payments were untimely under the terms of the workers' compensation statute.  Employee returned to work in June 2002 and his benefits

were suspended at that time. Nearly eight years later, employee demanded payment of the statutory penalties due on the 12 late payments.[1] Employer refused the demand, asserting it was time barred.

Employee sought a hearing and an order requiring employer to pay the statutory penalties owed. The administrative law judge determined employee's claim was a "change in condition" claim under OCGA § 34-9-104, and, therefore, barred under the two-year limitation period set forth in OCGA § 34-9-104 (b).[2] The Appellate Division of the State Board and the superior court agreed. The Court of Appeals granted employee's application for discretionary review and reversed the judgment of the superior court, finding employee's claim for statutory penalties is not governed by any limitation period and,

---

[1] See OCGA § 34-9-221 (e) which provides, in part: "If any income benefits payable without an award are not paid when due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the accrued income benefits . . ."

[2] This provision reads, in pertinent part: "The board on its own motion may propose or any party may apply under this Code section for another decision because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision, provided that the prior decision of the board was not based on a settlement; and provided, further, that at the time of application not more than two years have elapsed since the date the last payment of benefits pursuant to Code Section 34-9-261 or 34-9-262 was actually made under this chapter . . ."

2

therefore, is not time barred.[3]  Employer sought, and we granted, a writ of certiorari.

Our workers' compensation code contains two limitation periods.  One, OCGA § 34-9-82, sets forth the general limitation period for "all issues" claims, i.e., claims in which claimant initially seeks compensation for a work-related injury, and provides that a claim for benefits must be filed within one year of the date of the accident or injury that gives rise to the claim.  The other, OCGA § 34-9-104 (b), pertains to a "change in condition" claim.  It applies to modifications of prior final decisions and requires that such claims be filed within two years of the last payment of income benefits.[4]  See generally Tara

---

[3] The Court of Appeals recognized that, although some may view its result as absurd, "any absurdity . . . stems from a hole in the workers' compensation statute, namely its failure to address the time frame in which statutory penalties or other compensation owed by the employer . . . must be pursued by the employee."  Id. at 528.

[4] This code section reads, in part: "[A]ny party may apply under this code section for another decision because of a change in condition . . . provided . . . that at the time of application not more than two years have elapsed since the date the last payment of income benefits . . . was actually made . . ."  The two year limitation period contained in the pre-1990 version of OCGA § 34-9-104 (b) provided that the statute did not begin to run until all income benefits owed an employee had been paid. Thus, if an employee had never been paid all the benefits he was due, they remained due, and the statute of limitation did not bar the employee's claim.  See, e.g., Wet Walls, Inc. v. Ledezma, 266 Ga. App. 685, 688 (4) (598 SE2d 60) (2004), citing Holts Bakery v. Hutchinson, 177 Ga. App. 154, 159-161 (3) (338 SE2d 742) (1985).  Cases construing the pre-1990 version of the limitation period are not applicable here.

Foods v. Johnson, 297 Ga. App. 16, 18 (676 SE2d 418) (2009) (two separate statutes of limitations apply to workers' compensation claims); Baugh-Carroll v. Hosp. Auth. of Randolph County, 248 Ga. App. 591, 594 (545 SE2d 690) (2001) (provisions of "all issues" statute of limitation do not apply to "change in condition" cases which follow the payment of disability benefits).

Employer asserts this is a "change in condition claim," that the two year limitations period set forth in OCGA § 34-9-104 (b) applies, and that, therefore, employee's claim, which was filed more than two years after the last benefit payment, is time barred. Employee disagrees, arguing that the one-year general limitation period is applicable and that his claim is not time barred because the original claim for benefits was filed within one year of the injury giving rise to the claim. To resolve this disagreement, we must determine if employee's claim for payment of statutory penalties constitutes a change in condition under the workers' compensation code.

Under OCGA § 34-9-104 (a) (1), "the term 'change in condition' means a change in the wage-earning capacity, physical condition, or status of an employee or other beneficiary covered by this chapter, which change must have occurred after the date on which the wage-earning capacity, physical condition,

or status of the employee or other beneficiary was last established by award or otherwise." In reaching its decision, the Court of Appeals correctly determined that employee did not undergo a change in either his wage-earning capacity or physical condition. However, the Court of Appeals failed to consider the third type of change in condition, i.e., whether employee underwent a change in "status."

Ordinarily, one associates a change in condition case with a change in an employee's physical or economic condition. The meaning of the word "status" in the context of a change of condition case does not readily leap to mind. It has been suggested that the term "appears to refer primarily to the dependency status of a beneficiary." James B. Hiers, Jr. and Robert R. Potter, Georgia Workers' Compensation Law and Practice § 23-2 (4th ed. 1981). That may be so. After all, the statute speaks to the "status of the employee or other beneficiary" and Georgia case law has used the term "status" in association with dependency claims in workers' compensation death cases. See, e.g., United States Fidelity & Guaranty Co. v. Dunbar, 112 Ga. App. 102 (143 SE2d 663) (1965); Fishten v. Campbell Coal Co., 95 Ga. App. 410 (98 SE2d 179) (1957).

5

Moreover, other jurisdictions have connected the term "status" to the claims of dependents. See, e.g., DiSabatino & Sons, Inc. v. Facciolo, 306 A2d 716, 719 (Del. 1973) (quoting 19 Del.C. § 2347); Gagliardi v. Downing & Perkins, Inc., 208 A2d 334, 336 (Conn. 1965). Our code, however, expressly speaks to the change in "status of the employee," in addition to the status of a beneficiary and it is axiomatic that "the fundamental rules of statutory construction . . . require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage." Slakman v. Continental Cas. Co., 277 Ga. 189, 191 (587 SE2d 24) (2003). See also Footstar, Inc. v. Liberty Mut. Ins. Co., 281 Ga. 448, 450 (637 SE2d 692) (2006) (courts should refrain from construing statute in a way that renders any part meaningless). Thus, the question remains: What is a change in the status of an employee?

Generally speaking, the word "status" is defined as the legal character or condition of a person and his relationship with third persons or the state. Ballantine's Law Dictionary 1212 (3rd ed. 1969). Thus, in the workers' compensation arena, the term "status of an employee" means the legal condition

6

of an employee in the context of the employer-employee relationship. See generally <u>Kroger v. Wilson</u>, 301 Ga. App. 345, 346-347 (687 SE2d 586) (2009) (request for catastrophic injury designation constitutes request for change of status or condition and is subject to two-year statute of limitation); <u>Williams v. Conagra Poultry of Athens, Inc.</u>, 295 Ga. App. 744, 746 (673 SE2d 105) (2009) (catastrophic injury designation is a status); <u>Wier v. Skyline Messenger Service</u>, 203 Ga. App. 673, 676 (417 SE2d 693) (1992) ("Under the wording of OCGA § 34-9-104 (a), payment of income benefits by an employer without a formal award will establish the status of the employee 'by award or otherwise' so as to allow the employee to file for a change in condition within two years of the last payment of income benefits without formal board intervention.") With this definition in mind, we conclude that employee's status, i.e., his legal condition vis-a-vis employer, was first established when employer began paying benefits voluntarily and last established when the last benefit payment was made.[5]

Nearly eight years after employee's status was last established, employee

---

[5] See OCGA § 34-9-104 (a) (1) (change in condition means change which occurs "after the date on which the . . . status of the employee or other beneficiary was last established by award or otherwise").

7

applied for another decision seeking to recover additional monies. These monies were generated automatically due to the simple fact that the payments to employee were late. The monies were themselves income benefits which should have been added to and paid with the original payments. Trent Tube v. Hurston, 261 Ga. App. 525, 528 (583 SE2d 198) (2003). Because employee waited more than two years to seek a decision with regard to these additional income benefits, his claim was barred by the limitation period set forth in the change in condition statute.[6]

In workers' compensation cases, as in every case, there must be closure and finality. "Statutes of limitation . . . are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have

---

[6] Our conclusion is buttressed by the fact that the Workers' Compensation Board deemed the two-year change of condition limitation statute applicable in this case. Center for a Sustainable Coast v. Coastal Marshlands Protection Committee, 284 Ga. 736, 741 (670 SE2d 429) (2008) (ordinarily great deference is given to administrative agency's interpretation of statute which it has the duty to enforce). At first blush, the Board was intrigued by employee's assertion that this is not a change in condition case within the meaning of OCGA § 34-9-104 (a). However, looking to OCGA § 34-9-104 in its entirety, it found employee's claim to be a request for authorization for the recovery of income benefits within the meaning of OCGA § 34-9-104 (b), and concluded that the two year limitation period was indeed applicable.

disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." <u>Order of Railroad Telegraphers v. Railway Exp. Agency</u>, 321 U.S. 342, 348-349 (64 SCt 582, 88 LE 788) (1944).

<u>Judgment reversed.  All the Justices concur.</u>