### 77488. BATEMAN v. MERICO, INC. et al.
(379 SE2d 526)

POPE, Judge.

Appellant Frank Bateman sustained a compensable work-related injury on November 2, 1979. According to one of claimant's treating physicians, he sustained a ten percent disability to his left arm as a result of the injury. On July 7, 1980, the employer filed a notice to commence benefits for the permanent partial disability. On July 18, 1980, the employer filed a notice to suspend these benefits for the reason, as noted on the Form WC 2, that the "[e]mployee refused to accept compensation because of dissatisfaction with PPD [permanent partial disability] rating." The record shows the employer paid bene-

fits for temporary total disability for days intermittently missed from work, with the final suspension of such benefits on April 9, 1982. In 1982 the claimant requested a hearing for a modification of benefits, claiming a change of condition. The ALJ found the claimant had not sustained a change of condition and the denial of his request for modification of benefits was upheld on appeal to the board. In 1984 the claimant petitioned for additional benefits for days missed from work and for a change in treating physicians. The petition was denied. On August 20, 1986 the claimant again filed a request for hearing. At the hearing on November 3, 1986 the claimant's attorney stipulated that the issues to be decided were whether the claimant was entitled to resumption of temporary total disability benefits for missed work and to an award for permanent partial disability. The employer defended the claim on the ground, inter alia, that the request was barred by the applicable statute of limitation. The ALJ denied claimant's request on the ground it was time barred because it was filed more than two years from the last payment of income benefits. The denial of claimant's request was upheld on appeal by the board and by the superior court. Claimant appeals, arguing his claim was not barred.

According to OCGA § 34-9-104 (b), a party may apply for modification of benefits "because of a change in condition . . . authorizing the recovery of income benefits . . . provided . . . that at the time of application not more than two years have elapsed since the date of final payment of income benefits due under this chapter." Now that workers' compensation benefits may be paid without the entry of an award from the board, an applicant may seek to modify not only an award of the board but also a decision by the employer to pay or deny compensation. See *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154 (2) (338 SE2d 742) (1985).

Prior to the 1978 amendments to the workers' compensation laws, the period of limitation for bringing an application for modification of an award was the date the board was notified of suspension of payment under that award. See *Georgia-Pacific Corp. v. Sanders*, 171 Ga. App. 799 (1) (320 SE2d 850) (1984). Now that benefits may be made voluntarily without the board's determination as to what benefits are due, the date of last payment of benefits by the employer would start the running of the two-year statute of limitation only if, in fact, those are the only benefits due to the claimant. If, however, the claimant was potentially due other benefits which were not paid, then the statute of limitation does not commence simply because the employer decides to suspend payments. *Holt's Bakery v. Hutchinson*, supra at (3).

It is undisputed in this case that the claimant sustained a permanent partial disability. The only issue in dispute regarding the claim of disability is the degree of that disability. It is undisputed that the

claimant has received no payment of benefits for his permanent partial disability. Thus, the claimant was not *potentially* due other benefits at the time the last income benefits were paid, but was indisputably due other benefits. While no admissible evidence was presented as to why the claimant was not paid these benefits, the notation on the employer's Form WC 2 indicates the claimant refused to accept payment because he contested the disability rating ascribed by the treating physician. Since the parties could not agree on the amount of benefits due, it was incumbent on one of the parties to invoke the authority of the board to make a determination of benefits due by requesting a hearing. That is precisely what the claimant did when he requested a hearing in August 1986. Because it is undisputed that the claimant is due some amount for permanent partial disability, it cannot be said that the statute of limitation for his request has yet commenced to run. See *Metropolitan Atlanta Rapid Transit Auth. v. Ledbetter*, 184 Ga. App. 518 (361 SE2d 878) (1987). It is undisputed that claimant has not yet been paid all that is due him under the Act.

We reject the employer's argument that our holding places an unbearable burden on it by tolling the limitation period indefinitely. Under the circumstances found in this case, the employer knew that additional benefits were due the claimant but took no action to determine what those benefits were. The employer could have avoided the burden of uncertainty by requesting a hearing when it learned it could not reach an agreement with the claimant as to benefits due. The employer cannot be allowed to escape the duty to pay any benefits at all simply because the employer and claimant disagreed as to the amount of payments due.

The court erred in upholding the denial of permanent partial disability benefits to claimant. Neither the ALJ nor the board reached the issue of whether the claimant was due additional benefits for loss of time from work because the claimant's request was deemed to be barred. We remand with instructions that further proceedings be conducted to determine the amount of benefits due for permanent partial disability and to determine whether the claimant is entitled to additional temporary total disability benefits for days missed from work.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 6, 1989 —
REHEARING DENIED MARCH 13, 1989 — 

*Keenan Law Firm, Stephen W. Irving*, for appellant.
*Swift, Currie, McGhee & Hiers, Joseph A. Munger, Robert R.*

*Potter*, for appellees.