A98A0584. NORTH FULTON MEDICAL CENTER, INC. v. STATE HEALTH PLANNING AGENCY.
A98A0585. NORTHSIDE HOSPITAL, INC. v. NORTH FULTON MEDICAL CENTER, INC.
(503 SE2d 47)

JOHNSON, Judge.

These appeals involve the validity and application of an administrative agency rule allowing an applicant to relocate an ambulatory surgical center without having to meet certain criteria required for opening a new facility. For the reasons which follow, the superior court judgment affirming the agency's decision granting the application is reversed in Case No. A98A0584. Case No. A98A0585 is dismissed as moot.

Northside Hospital sought to open a new ambulatory surgical center. OCGA § 31-6-40 (b) requires that anyone proposing to develop or offer a new health care facility apply to the State Health Planning Agency and obtain a certificate of need ("CON"), unless the proposed activity is excluded from the statute. To obtain a CON an applicant must show, among other things, that the center will serve at least 150,000 people (the "service requirement"). Rule 272-2-.09 (1) (b) (3) (iii) (Official Rules & Regulations of the State of Georgia). Northside's application was repeatedly declined by the planning agency because it did not meet the service requirement. Northside subsequently bought an existing surgical center in another area that met the service requirement in its location, relocated the facility, and

sought to operate at the new location without having to meet the CON service requirement. The agency approved the application.

North Fulton Medical Center, as a competitor of Northside, challenged the approval, arguing that the agency was not authorized to exempt relocating facilities from CON review. North Fulton sued the State Health Planning Agency, and after a series of court battles, the agency adopted a new rule purporting to exempt certain relocating facilities from compliance with the CON requirements ("Rule I"). The validity of Rule I was challenged in *HCA Health Svcs. &c. v. Roach*, 265 Ga. 501, 502 (2) (458 SE2d 118) (1995). In *HCA Health Svcs.*, the Supreme Court noted that relocation of a facility was not one of the exemptions provided for in the statute and that the new rule evidenced an attempt by the agency to add to the legislative list of exemptions established by OCGA § 31-6-47 (a). Id. at 503. The Supreme Court struck down Rule I in its entirety and held that relocations must satisfy statutory CON requirements. Id.

Thereafter, the agency adopted a second relocation rule ("Rule II") purporting to allow relocation applicants to obtain agency approval without establishing that various criteria, including the CON service requirement, were met. See Rules 272-2-.09 (20); 272-2-.09 (1) (b) (3) (iii) (Official Rules & Regulations of the State of Georgia). Northside applied for and was granted a relocation permit under Rule II. North Fulton appealed the agency's decision, this time challenging the validity of Rule II as well as the agency's finding that Northside met the requirements of Rule II.

In Case No. A98A0584, North Fulton appeals from the superior court's judgment affirming the decision of the administrative agency. In Case No. A98A0585, Northside appeals from the same decision, but takes issue only with the standard of review applied by the superior court and requests that we apply a different standard on appeal.

The Supreme Court of Georgia's decision in *North Fulton Med. Center v. Stephenson*, 269 Ga. 540 (501 SE2d 798) (1998), is dispositive of the issues raised in these appeals. Finding that the agency acted beyond the scope of its administrative powers in promulgating the rule, the Supreme Court in *North Fulton Med. Center* held that relocation Rule II is invalid. Because the superior court affirmed the agency's decision based on its finding that Northside satisfied that rule, the judgment of the superior court in Case No. A98A0584 must be reversed. The case is remanded to the trial court with direction that it enter judgment consistent with the holding of the Supreme Court. The issue raised in Case No. A98A0585 is moot, and that appeal is dismissed.

*Judgment reversed and remanded in Case No. A98A0584. Appeal dismissed in Case No. A98A0585. Birdsong, P. J., and Smith, J., concur.*

DECIDED JUNE 4, 1998 —
RECONSIDERATIONS DENIED JUNE 16, 1998 AND JUNE 19, 1998.

*Jones, Day, Reavis & Pogue, Michael J. McConnell, Ruth H. Gershon, David J. Bailey*, for North Fulton Medical Center, Inc.

*Powell, Goldstein, Frazer & Murphy, Randall L. Hughes, Kathlynn L. Butler*, for Northside Hospital, Inc.

*Thurbert E. Baker, Attorney General, Brenda H. Cole, Deputy Attorney General, Alan Gantzhorn, Senior Assistant Attorney General, William W. Calhoun, Assistant Attorney General, Clyde L. Reese III*, for State Health Planning Agency.