## A08A0677. UNITED GROCERY OUTLET et al. v. BENNETT.
### (665 SE2d 27)

SMITH, Presiding Judge.

Following a work-related injury, Ruby Bennett received temporary total disability ("TTD") benefits through her employer, United Grocery Outlet, pursuant to the Workers' Compensation Act, OCGA § 34-9-1 et seq. Over two years after her last payment, Bennett requested reinstatement of TTD benefits based on a change in condition. United Grocery and its insurer (collectively, "United Grocery") objected to the request, asserting that Bennett's claim was barred by the two-year limitation period in OCGA § 34-9-104 (b).

Agreeing with United Grocery, an administrative law judge with the State Board of Workers' Compensation ("the board") found the claim time-barred, and the board's appellate division affirmed that ruling. The superior court, however, reversed. We granted United Grocery's application for discretionary appeal, and for reasons that follow, we reverse the superior court's judgment.

The underlying facts are not in dispute. Bennett was working as an assistant manager at United Grocery when she fell and broke her arm on August 11, 2001. She remained out of work for a few weeks, then returned to her employment. Bennett received TTD payments for the time she lost from work, and the last payment was made in November 2001.

Through a hearing request dated October 12, 2004, Bennett sought to resume her TTD payments, asserting that she suffered a change in condition when United Grocery terminated her employment in December 2003. When United Grocery objected that the claim fell outside the applicable statute of limitation, Bennett argued that the limitation period was tolled by her employer's failure to serve her with various forms required by the board's rules. See OCGA § 34-9-221 (c) (employer must notify employee "in accordance with forms prescribed by the board, that payment of income benefits has begun or has been suspended"). Although the board rejected Bennett's argument, the superior court reversed, and this appeal followed.

Our analysis is governed by the plain language of OCGA § 34-9-104 (b). Under that Code section,

> any party may apply . . . for another decision [regarding TTD benefits] because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits . . . provided . . . that at the time of application not more than two years have elapsed since the date the last payment of [TTD] income benefits . . . was *actually made.*

(Emphasis supplied.) OCGA § 34-9-104 (b).

Earlier versions of the statute provided different triggering mechanisms for the two-year limitation period. Prior to 1978, for example, the statute of limitation commenced when the board was notified that final payment of a claim had been made. See *Ga.-Pacific Corp. v. Sanders*, 171 Ga. App. 799, 801 (1) (320 SE2d 850) (1984). A subsequent amendment started the limitation period on the " 'date of final payment of income benefits due under [the] chapter.' " *Bateman v. Merico, Inc.*, 190 Ga. App. 710, 711 (379 SE2d 526) (1989). In 1990, however, the legislature determined that the limitation period should begin on the day the last income payment was actually made. See OCGA § 34-9-104 (b); Ga. L. 1990, p. 1409, § 3.

"[W]hen a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it but must construe it according to its terms." (Citation, punctuation and footnote omitted.) *Mechanical Maintenance v. Yarbrough*, 264 Ga. App. 181, 184 (590 SE2d 148) (2003). Using very clear language, the General Assembly expressed its intent to bar change-in-condition claims brought over two years after the last payment of TTD income benefits. Nothing in the statutory language tolls this period pending compliance with rules regarding the filing and service of board forms. Although an employer who violates these rules may be — and in this case was — subject to civil penalties, we find no grounds for delaying or extending the statute of limitation based on such noncompliance. See *Sadie G. Mays Mem. Nursing Home v. Freeman*, 163 Ga. App. 557, 559 (3) (295 SE2d 340) (1982) ("Appellants' failure to comply with the letter of [OCGA § 34-9-221] in terminating benefits does not prevent them from pursuing their position on appellee's alleged change in condition."); see also OCGA § 34-9-18 (a) (establishing civil penalty for failing to file required forms or violating board rules).

In a related claim, Bennett contends that because United Grocery did not serve her with the appropriate forms, she never

received notice that her TTD benefits had ended or been suspended. She thus argues that she was denied due process and should not be subject to the two-year limitation period. The issue here, however, is whether Bennett timely brought her claim for additional benefits based on a change in condition, not whether United Grocery properly notified her in November 2001 that her benefits had been terminated.[1]

Without dispute, United Grocery made its last TTD payment to Bennett in November 2001, and Bennett was aware of that payment. She now claims that she is due more money. But given her *actual knowledge* of the date of the last payment — the triggering mechanism for the limitation period — we find no due process violation. See, e.g., *Russell Morgan Landscape Mgmt. v. Velez-Ochoa*, 252 Ga. App. 549, 552 (556 SE2d 827) (2001) (no due process concern where claimant "could be fairly said to be on notice"); *Williams v. Mells*, 138 Ga. App. 60 (225 SE2d 501) (1976) ("When the party has received actual notice of the suit there is no due process problem in requiring him to object to the improper venue within the period prescribed.") (citations and punctuation omitted).

The plain language of OCGA § 34-9-104 (b) "provides that an employee must bring this type of claim within two years of the date the employer made the last payment of TTD . . . benefits." *Mechanical Maintenance*, supra, 264 Ga. App. at 184. The legislature could have commenced the running of the limitation period in a different way — as it has in the past — but it did not do so. Accordingly, the board properly concluded that OCGA § 34-9-104 (b) barred Bennett's change-in-condition claim, and the superior court erred in reversing the board's ruling. See id.; see also *Smith v. Mr. Sweeper Stores*, 247 Ga. App. 726, 729 (1) (544 SE2d 758) (2001) ("The interpretation of a statute by the agency charged with enforcing or administering its provisions is to be given great weight and deference, unless contrary to law.") (citations and footnotes omitted).

*Judgment reversed. Mikell and Adams, JJ., concur.*

Decided June 27, 2008 — ▮

*Michael H. Friedman*, for appellants.
*Finn & Hurtt, Thomas M. Finn*, for appellee.

---

[1] Bennett's heavy reliance on *Russell Morgan Landscape Mgmt. v. Velez-Ochoa*, 252 Ga. App. 549 (556 SE2d 827) (2001), is misplaced. In contrast to this case, the *Russell* claimant challenged the actual suspension of benefits, and proper notice of that suspension was key to the opinion. As found in *Russell*, the employer's failure to complete the benefits-suspension form deprived the employee of "fair notice" regarding the actual grounds for the suspension at issue. See id. at 552.

*Smith, Wallis & Scott, Kenneth A. Smith, C. Jason Perkins,* amici curiae.