S11G1815. SCOTT v. SHAW INDUSTRIES, INC.
(729 SE2d 327)

MELTON, Justice.

In *Shaw Industries, Inc. v. Scott*, 310 Ga. App. 750, 752 (713 SE2d 917) (2011), the Court of Appeals held that, in this workers' compensation case, the superior court improperly affirmed an award to Valencia Michelle Scott because "the [administrative law judge (ALJ)] erred in ruling that Scott's disability resulted from a fictional new injury, as opposed to a change in condition, and that Scott's claim for [total temporary disability] benefits was thus not barred by the applicable [two-year] statute of limitation." See OCGA § 34-9-104 (b). We granted certiorari to determine whether the Court of Appeals erred in concluding that the concept of a "fictional new accident" cannot apply to situations where an employee who has suffered a compensable injury returns to work after receiving workers' compensation benefits as a result of that injury and thereafter suffers a progressive worsening of his condition that forces the employee to cease work. *Central State Hosp. v. James*, 147 Ga. App. 308 (248 SE2d 678) (1978); *R.R. Donnelley v. Ogletree*, 312 Ga. App. 475 (718 SE2d 825) (2011). Under the specific facts of this case, we affirm.

As set forth in the Court of Appeals opinion, the record reveals:

Valencia Scott had been employed by Shaw Industries for over 14 years. On February 16, 1996, Scott was performing her work as a carpet inspector when her right foot became caught in a carpet roller. As a result, she suffered a serious injury that required partial amputation of her foot and caused her to miss approximately ten months of work. During that time period, Scott received temporary total disability ("TTD") benefits. In January 1997, she returned to work for Shaw Industries in the company's customer service

department, which enabled her to work while sitting or standing at a desk as needed. But the partial amputation, and the prosthesis Scott was required to wear as a result, altered her gait, which in turn began causing her significant problems in both knees. Consequently, in May 1997, she underwent bilateral knee surgery. Over the next 12 years, Scott continued working in Shaw Industries's customer service department, but her knee problems and the pain associated with those problems became progressively worse. In March 2009, Scott's treating physician, who had diagnosed her bilateral knee problems as being the result of chondromalacia and osteoarthritis caused by her amputation and altered gait, recommended that she cease working briefly to alleviate her knee pain. Over the course of the next several months, Scott made several attempts to return to work, but she continued to experience significant pain in her knees and, in September 2009, once again upon her physician's recommendation, she ceased working altogether. Thereafter, Scott sought workers' compensation benefits. The ALJ conducted a hearing on her claim, during which Scott argued that her inability to work was the result of a fictional new injury that occurred on March 24, 2009 — the date that she was first held out of work by her physician. In contesting Scott's claim, Shaw Industries argued that Scott's inability to work was the result of a change in condition, and thus, her claim was barred by the applicable statute of limitation. After the hearing, the ALJ awarded benefits to Scott, finding that Scott had sustained a fictional new injury. Shaw Industries appealed to the full [State Workers' Compensation] Board, which affirmed and adopted the ALJ's award. The company then appealed the decision to the superior court, which also affirmed the award.

(Footnote omitted.) Id. at 751-752. The superior court's decision was then appealed to the Court of Appeals, which determined that the ALJ's ruling was erroneous and should not have been affirmed by the superior court. We agree.

This case is controlled by *Central State Hosp. v. James,* supra. In that case, three common scenarios were set forth in order to give guidance in determining the difference between a new injury and a change in condition. The third scenario set forth

is where the claimant sustains an injury and is awarded compensation during his period of disability. Subsequent

thereto he returns to his employment performing his normal duties or ordinary work. Then as a result of the wear and tear of ordinary life and the activity connected with performing his normal duties and not because of a specific job-related incident his condition gradually worsens to the point that he can no longer continue to perform his ordinary work. This gradual worsening or deterioration would constitute a change in his condition and not a new accident.

Id. at 309-310 (1) (c).

That is what happened in this case. Scott sustained a foot injury and was awarded compensation. She subsequently returned to work in a new position that required no strenuous activity, but she developed knee and gait problems as a result of the wear and tear of ordinary life. This gradual worsening, as set forth in *Central State Hosp.*, supra, constitutes a change of condition, not a new accident.

*R.R. Donnelley v. Ogletree*, supra, does not change this result. In that case, the worker suffered an injury, received benefits, returned to work in several positions that were strenuous and exceeded his light-duty work restriction, and, thereafter, had to cease work again due to worsened conditions. In that case, the ALJ found that the worker suffered a new accident as a result of the inappropriately strenuous work he was required to perform. In sharp contrast, Scott returned to work at Shaw Industries in a position that allowed her to be sedentary as much as possible in order to alleviate her injury. *R.R. Donnelley*, therefore, is wholly distinguishable.

Accordingly, the Court of Appeals correctly determined that the ALJ erred as a matter of law in finding that Scott suffered a fictional new injury in March 2009, rather than a change in condition. Concomitantly, the Court of Appeals also properly determined that Scott's claim for workers' compensation benefits was barred by the statute of limitations and that the ALJ's order finding otherwise must be reversed.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 2012.

*Gammon, Anderson & McFall, Bryan C. Villarreal*, for appellant.
*Speed, Seta & Waters, Marion G. Waters IV*, for appellee.
*Hamilton, Westby, Antonowich & Anderson, Andrew J. Hamilton, James H. Chandler, Morgan & Morgan, Todd K. Maziar, Marci R. Rosenberg*, amici curiae.