**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 21, 2014**

# In the Court of Appeals of Georgia

A13A2353. TECHNICAL COLLEGE SYSTEM OF GEORGIA v. DO-119
    McGRUDER.

DOYLE, Presiding Judge.

We granted The Technical College System of Georgia[1] - Augusta Technical

College's ("ATC") application for discretionary review of the superior court's order

affirming the decision of the State Board of Workers' Compensation (the "Board"),

which awarded temporary total disability benefits ("TTD benefits") to Sharon L.

McGruder after she was unable to perform a light-duty position offered by ATC

following a work-related injury. ATC contends that the superior court erred by

affirming the Board's decision that ATC was required to pay McGruder TTD benefits

after she stopped working because it waived its defense of suitability of employment

---

[1] The Technical College System of Georgia exercises leadership, management, and operational control over technical colleges. See OCGA § 20-4-14 (b).

pursuant to Rule 240 (c) (i) of the State Board of Workers' Compensation. For the reasons that follow, we affirm.

Questions of law in a workers' compensation appeal are reviewed de novo.[2]

> Once [a] case is appealed from the [Board's] appellate division, both this Court and the superior court must view the evidence in a light favorable to the party prevailing before that division. If any evidence supports the appellate division's [factual] findings, those findings are binding and conclusive, and we may not substitute ourselves as a fact finding body in lieu of the Board.[3]

So viewed, the record shows that McGruder, who worked as a custodian, sustained a compensable back injury on June 8, 2009. She received TTD benefits until she returned to work in a light-duty phone operator/clerical position on September 8, 2009, based on a job offer made by the employer pursuant to OCGA § 34-9-240.[4] McGruder performed the light-duty job through September 17, 2009. On September 17, 2009, McGruder left work, and, the following day, she gave ATC a

---

[2] See *Tommy Nobis Center v. Barfield*, 187 Ga. App. 394, 395 (1) (370 SE2d 517) (1988); *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

[3] (Footnotes and punctuation omitted.) *Dallas v. Flying J, Inc.*, 279 Ga. App. 786, 787 (632 SE2d 389) (2006).

[4] OCGA § 34-9-240 governs the procedure applied when an employee refuses suitable employment or attempts or refuses to attempt to work with restrictions.

2

letter from her primary care physician, which letter stated that in addition to her work injury, McGruder had other serious medical problems and that she was unable to work in any job in any capacity. The employer did not resume the payment of benefits following McGruder's departure, and she filed a claim thereafter, seeking TTD benefits beginning September 18, 2009.

After an initial evidentiary hearing, the ALJ denied McGruder the TTD benefits she sought, concluding that the light-duty job provided by ATC was within her work restrictions, and she stopped working for reasons unrelated to her June 2009 work injury. The ALJ also determined that Board Rule 240 (c) (i), which provides that an employer waives its defense of suitability of employment if it fails to reinstate TTD benefits if an employee attempts a proffered suitable job for one work day but fails to continue working for more than fifteen work days, was invalid. The ALJ reasoned that the Rule exceeded the Board's rule-making authority because it affected the employer's substantive rights. The Board vacated the ALJ's award, concluding that Board Rule 240 (c) (i) did not constitute improper burden-shifting or interfere with the employer's substantive rights, and it remanded the case to the ALJ for findings consistent with its decision.

3

On remand, the parties agreed that no additional evidence would be introduced. The ALJ concluded that McGruder was entitled to a resumption of TTD benefits when she stopped working within 15 days of attempting the light duty job, pending a hearing regarding her continued entitlement to those benefits; that ATC's failure to reinstate the benefits resulted in a waiver of the defense of suitability of employment for that time period commencing when she stopped working through the date of the hearing; and that ATC had not met its burden of showing a change in condition. Additionally, the ALJ concluded that McGruder stopped working due to medical conditions unrelated to her work injury; that by November 10, 2010, her physician had released her to light-duty restriction; and that ATC's representative testified that the light-duty position was no longer available for McGruder as of October 2010. The ALJ denied McGruder's claim for medical treatment of her right shoulder and her depression on the ground that they were not related to her work injury. Finally, the ALJ awarded attorney fees to McGruder in the amount of $250, finding impermissible and improper ATC's motion requesting that the ALJ ignore the Board's order. ATC appealed to the appellate division of the Board, which affirmed the ALJ's award. ATC appealed to the superior court, which affirmed the Board's decision, and this appeal followed.

ATC argues that the Board and the superior court erred by affirming the ALJ's award requiring ATC to pay McGruder TTD benefits after she left light-duty work (for reasons unrelated to her work injury) based upon ATC's waiver of its defense of suitability of employment pursuant to Board Rule 240 (c) (i). We disagree.

OCGA § 34-9-240 (b) (1) provides that

if the authorized treating physician releases an employee to return to work with restrictions and the employer tenders a suitable job to the employee within those restrictions, . . . [i]f the employee attempts the proffered job and is unable to perform the job for more than 15 working days, then weekly benefits shall be immediately reinstated, and the burden shall be upon the employer to prove that the employee is not entitled to continuing benefits.

Board Rule 240 reiterates OCGA § 34-9-240 (b) (1), but adds that the "[f]ailure to immediately reinstate benefits pursuant to Board Rule 240 (c)[] shall result in the waiver of the employer/insurer's defense of the suitability of employment for the period of time the employer/insurer did not pay the employee's weekly income benefits when due."[5]

---

[5] Board Rule 240 (c) (i).

5

Here, McGruder worked in the light-duty position for more than a week before she stopped working. Therefore, pursuant to the plain language of OCGA § 34-9-240 (b) (1), which contains no exceptions, ATC was required to immediately reinstate McGruder's TTD benefits. The fact that she stopped working the light-duty position for reasons unrelated to her injury did not relieve ATC from paying TTD benefits. Pursuant to Rule 240 (3) (c) (i), ATC's failure to immediately reinstate McGruder's TTD benefits resulted in a waiver of its defense of suitability of employment.

We reject ATC's argument that Rule 240 is invalid and exceeds the Board's rule-making authority because the rule affects an employer's substantive rights. In *Mulligan v. Selective HR Solutions, Inc.*,[6] the Supreme Court of Georgia addressed a similar argument with regard to Board Rule 205,[7] reiterating that

> [u]nder OCGA § 34-9-59, the Board is empowered and authorized to adopt proper rules of procedure to govern the exercise of its functions and hearings before the Board or any of its members or administrative

---

[6] 289 Ga. 753 (716 SE2d 150) (2011).

[7] At the time, Board Rule 205 provided that an employer was required to respond to a request for advance authorization for medical treatment or testing of an injured employee within five business days, and that if the employer failed to timely respond, the treatment stood pre-approved and the employer would be required to pay for it. See *Mulligan*, 289 Ga. at 754. The Supreme Court held that the rule did not exceed the Board's rule-making authority. See id. at 757 (1).

6

law judges. However, this power is not without limitation. OCGA § 34-9-60 (a) states that the Board may make rules, not inconsistent with this chapter, for carrying out this chapter. The statutory converse of this rule is that the Board shall not make rules that are inconsistent with Chapter 9 of Title 34. The State Board of Workers' Compensation is an administrative commission, with such jurisdiction, powers, and authority as may be conferred upon it by the General Assembly. The Board is a creature of the statute, and has no inherent powers and no lawful right to act except as directed by the statute. It may exercise its rule-making powers under and within the law, but not outside of the law or in a manner inconsistent with the law. Although OCGA § 34-9-60 grants to the Board the power to make rules, not inconsistent with this Title, for carrying out the provisions of this Title, Board rules so promulgated may not enlarge, reduce, or otherwise affect the substantive rights of the parties. It is within the purview of this Court to consider the validity of an agency rule by determining whether it comports with the legislative enactment which authorizes the rule. In doing so, this Court should consider the rule in its entirety.[8]

It is well-settled that "[f]or purposes of the Workers' Compensation Act, OCGA § 34-9-1 et seq., in order for an injury to be compensable it must arise out of and in the course of employment."[9] The Rule 240 waiver regarding the suitability of

---

[8] (Punctuation and citations omitted.) Id. at 756 (1).

[9] Id. at 756-757 (1).

7

employment applies only to an employer's defense against its obligation to reinstate TTD benefits for a compensable injury *it was already required to pay* prior to offering the light-duty position pursuant to OCGA § 34-9-240. Furthermore, Rule 240 also provides that "[w]hen the employer/insurer immediately reinstates benefits pursuant to Board Rule 240 (c), the employer/insurer are entitled to seek reimbursement of such benefits at a hearing addressing the suitability of the proffered employment."[10] Thus, the Rule "does not abrogate the threshold mandate that [benefits paid to an injured employee are for] compensable injur[ies]," and "contrary to [ATC's argument], Rule [240] is not burden-shifting . . . and does not interfere with the substantive rights of the parties."[11]

By refusing to immediately reinstate McGruder's TTD benefits when she stopped her light-duty work, as required by OCGA § 34-9-240 and Rule 240, ATC simply placed itself back in the same position it was in prior to offering the light-duty position, which is that it was paying benefits to McGruder and was required to do so until proving that a change in condition for the better has occurred and/or proving that

---

[10] Board Rule 240 (c) (ii).

[11] Id. at 757 (1).

8

a subsequent intervening non-work related injury is the cause of McGruder's continuing disability.

Accordingly, the trial court did not err by affirming the Board's decision that ATC was required to pay McGruder TTD benefits after she stopped working the light duty position.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*