In the Supreme Court of Georgia

Decided: June 6, 2016

S15G1808. ROSEBURG FOREST PRODUCTS COMPANY et al. v. BARNES.
S15G1811. ROSEBURG FOREST PRODUCTS COMPANY et al. v. BARNES.

MELTON, Justice.

On August 13, 1993, Willie Barnes suffered an amputation of his left leg below the knee in an industrial accident at the Georgia-Pacific (GP) wood processing plant where he worked. GP, its insurer Georgia Conversion Primary Ins. Co. (Georgia Conversion), and its workers' compensation servicing agent CCMSI, accepted the claim as catastrophic and began paying temporary total disability (TTD) benefits. Barnes was fitted with a prosthetic leg and returned to lighter duty work in January 1994. On January 30, 1994, GP stopped paying TTD benefits to Barnes, and the TTD benefits were replaced with permanent partial disability (PPD) benefits. The PPD benefits continued until May 1998.

In 2006, the GP plant was sold to Roseburg Forest Products Company (Roseburg). Barnes continued working for Roseburg, but was laid off on

September 11, 2009.[1] On November 13, 2009, Barnes consulted a doctor regarding chronic knee pain. Two years later, on December 6, 2011, he was fitted for a new prosthetic leg, which was paid for by CCMSI, the company that continued as the workers' compensation servicing agent for Roseburg and Roseburg's insurer, ACE American Insurance Co. (ACE American).

On August 30, 2012, Barnes filed a claim to resume TTD benefits, asserting August 13, 1993, the date of his original workplace accident, as the date of injury. On November 30, 2012, Barnes filed a separate notice of claim, alleging a fictional new injury[2] based on the date that he was terminated from

---

[1] The date that Barnes was actually terminated from his employment was September 10, 2009. September 11, 2009 was the first day that Barnes claims that he was entitled to begin receiving new benefit payments due to having suffered the fictional new injury of having to leave his job.

[2] A fictional new injury occurs
> where the claimant is injured on the job but continues to perform the duties of his employment until such time that he is forced to cease work because of the gradual worsening of his condition which was at least partly attributable to his physical activity in continuing to work subsequent to his injury.

Central State Hospital v. James, 147 Ga. App. 308, 309 (1) (248 SE2d 678) (1978). See also Scott v. Shaw Indus., 291 Ga. 313 (729 SE2d 327) (2012) (citing Central State Hospital v. James to explain difference between "fictional new injury" and mere "change in condition"). Barnes claimed that the light duty work that he performed after returning to work in 1994 exceeded the restrictions that were placed on him by his previous injury, which resulted in a worsening

his employment, September 11, 2009. The Administrative Law Judge denied the claims as barred by the applicable statutes of limitation set out in OCGA §§ 34-9-104 (b) and 34-9-82. The State Board of Workers' Compensation (Board) affirmed, as did the trial court. However, the Court of Appeals reversed, finding that both of Barnes' claims were not barred by the applicable statutes of limitation.

In Case No. S15G1808, Roseburg and its servicing agent for the 1993 claim, CCMSI, argue that the Court of Appeals erred in concluding that the two-year statute of limitation contained in OCGA § 34-9-104 (b) did not operate to bar Barnes' August 2012 claim to resume receiving TTD benefits in connection with his 1993 injury. In Case No. S15G1811, Roseburg and its insurer, ACE American, argue that the Court of Appeals erred in concluding that the one-year statute of limitation contained in OCGA § 34-9-82 did not operate to bar Barnes' claim to receive benefits in connection with a fictional new injury that

---

of his condition that forced him to leave work in 2009. See R.R. Donnelley v. Ogletree, 312 Ga. App. 475 (1) (718 SE2d 825) (2011). See also Scott v. Shaw Indus., supra.

he suffered from losing his job on September 11, 2009.[3] This Court granted Roseburg's petition for a writ of certiorari in both cases to address whether the Court of Appeals erred in determining that Barnes' claims were not barred by the applicable statutes of limitation. For the reasons that follow, we reverse in both cases.

*Case No. S15G1808*

1. This case turns on the proper interpretation of OCGA § 34-9-104 (b), and

> we apply he fundamental rules of statutory construction that require us to construe [the] statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature.

(Citations omitted.) <u>Slakman v. Cont'l Cas. Co.</u>, 277 Ga. 189, 191 (587 SE2d 24) (2003).

Bearing these principles in mind, OCGA § 34-9-104 (b) states in relevant part:

[A]ny party may apply under this Code section for another decision

---

[3] For ease of reference, the petitioners in both case numbers shall hereinafter collectively be referred to as "Roseburg."

4

[by the board] because of a change in condition ending, decreasing, increasing, or authorizing the recovery of income benefits awarded or ordered in the prior final decision, provided that the prior decision of the board was not based on a settlement;[4] and provided, further, that at the time of application not more than two years have elapsed since the date the last payment of income benefits pursuant to Code Section 34-9-261[temporary total disability] or 34-9-262 [temporary partial disability] was actually made under this chapter.

Thus, once an employer ends the payment of TTD benefits to an employee, that employee must file a claim for any additional TTD benefits within two years of that cessation date; otherwise, the claim is time barred. See generally United Grocery Outlet v. Bennett, 292 Ga. App. 363, 364-365 (665 SE2d 27) (2008) (employee who sought resumption of TTD benefits based on having lost her job over two years after receiving last TTD benefit payment from employer could not do so, as the action was time barred by OCGA § 34-9-104 (b)).

GP ceased paying TTD benefits to Barnes on January 30, 1994. Because Barnes did not file his claim for the resumption of these benefits until over eighteen years later, his claim was time barred. See OCGA § 34-9-104 (b). See also, e.g., Metro Atlanta Rapid Transit Auth. v. Reid, 295 Ga. 863 (763 SE2d 695) (2014) (employee's claim for late benefit payment penalties filed nine

---

[4] There is no prior decision based on a settlement in this case.

5

years after the last benefit payment had been made was time barred by OCGA § 34-9-104 (b)); United Grocery Outlet, supra, 292 Ga. App. at 364 ("[T]he legislature [has] determined that the limitation period [under OCGA § 34-9-104 (b)] should begin on the day the last income [benefit] payment was actually made").

This is still the result notwithstanding Barnes' claim that he was entitled to receive TTD benefits indefinitely based on the fact that his 1993 workplace injury remained designated as "catastrophic." See OCGA § 34-9-261 ("[I]n the event of a catastrophic injury . . . the weekly benefit under this Code section shall be paid until such time as the employee undergoes a change in condition for the better as provided in [OCGA § 34-9-104 (a) (1)]"). Indeed, regardless of Barnes having a *right* to receive weekly TTD benefits for his catastrophic injury until such time as he experienced a change in condition under OCGA § 34-9-104 (a) (1), OCGA § 34-9-104 (b) makes clear that, in order for Barnes to *enforce* that right, he must make a claim for those benefits within two years of the last weekly TTD benefit payment made to him by his employer. See generally United Grocery Outlet, supra, 292 Ga. App. at 364-365. Because Barnes filed his claim to assert his right to resume the payment of TTD benefits

for his catastrophic injury sixteen years too late, it was barred by the two-year statute of limitation of OCGA § 34-9-104 (b). Id.

Accordingly, we reverse the Court of Appeals' decision concluding otherwise.

*Case No. S15G1811*

2. We similarly find that the Court of Appeals erred in concluding that the one-year statute of limitation of OCGA § 34-9-82 (a) did not bar Barnes' November 30, 2012 claim relating to the alleged fictional new injury that he claims to have suffered as a result of losing his job on September 11, 2009. OCGA § 34-9-82 (a) states:

> The right to compensation shall be barred unless a claim therefor is filed within one year after injury, except that if payment of weekly benefits has been made or remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment furnished by the employer or within two years after the date of the last payment of weekly benefits.

Thus, regardless of the substantive merits or lack thereof of Barnes' fictional new injury claim, because no weekly benefits were paid to Barnes in connection with this alleged injury, he was required to file his claim within one year of the alleged injury or within one year of remedial treatment being

7

provided. Id.

Here, Barnes received remedial treatment on November 13, 2009 for chronic knee pain that he claims was connected to his fictional new injury, which would have extended the time period for him to file his claim for one more year. Id. He therefore had until November 13, 2010 to file his claim. Because he did not file his claim until November 30, 2012, it was over two years late and already time barred. Id.

The fact that Barnes sought additional remedial treatment in December 2011 did not revive his claim that had already become time barred in November 2010. Indeed, "medical treatment which is deemed, for statute of limitation purposes, to be remedial treatment furnished by the employer must be commenced within the original period of limitation, i.e., within one year of the job-related injury or of previous employer-furnished treatment." Poissonnier v. Better Business Bureau, 180 Ga. App. 588, 589 (349 SE2d 813) (1986); Wier v. Skyline Messenger Serv., 203 Ga. App. 673 (1) (417 SE2d 693) (1992) (where employee had a gap of over a year between doctor's visits relating to workplace injury, claim was barred by statute of limitation of OCGA § 34-9-82 (a)). To hold otherwise would defeat the entire purpose of the statute of

8

limitation:

> In workers' compensation cases, as in every case, there must be closure and finality. Statutes of limitation … are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

(Citation and punctuation omitted.) Metro Atlanta Rapid Transit Auth. v. Reid, supra, 295 Ga. at 867. Indeed, rather than creating closure and finality, the Court of Appeals' interpretation of the statute would do just the opposite by allowing an injured employee to simply revive a stale claim at any time by seeking remedial treatment – even if such treatment is sought several months or years after the statute of limitation has already run. This would essentially render the one-year statute of limitation of OCGA § 34-9-82 (a) meaningless. See Slakman, supra, 277 Ga. at 191 (In interpreting a statute, we must "avoid a construction that makes some language [in the statute] mere surplusage").

Accordingly, we reverse the Court of Appeals' decision with respect to its

interpretation of OCGA § 34-9-82 (a) as well.[5]

Judgments reversed. All the Justices concur.

_____

[5] Although we agree with Roseburg that Barnes' claim with respect to his fictional new injury is barred by the one-year statute of limitation of OCGA § 34-9-82 (a), we reject Roseburg's claim that its insurer, ACE American, was not an alter ego of Roseburg for purposes of this claim. ACE American contends that, because CCMSI, and not ACE American, made the payments for Barnes' remedial treatment, ACE American could not be considered to be an alter ego of Roseburg for purposes of Barnes' workers' compensation claim. This is incorrect. Regardless of which entity connected with Roseburg made the payments, Roseburg as a whole is the entity responsible for ensuring that the payments are made. Both CCMSI and ACE American are alter egos of Roseburg for purposes of the workers' compensation claims for which Roseburg, as a whole, is ultimately responsible. See Anderson v. Araguel, Sanders, Carter & Swain, 163 Ga. App. 610, 612-613 (295 SE2d 750) (1982) ("The insurer is the alter ego of the employer and what the employer knows the insurer knows as a matter of law"); OCGA § 34-9-82 (a) (remedial treatment is "furnished by the *employer*") (emphasis supplied);  OCGA § 34-9-1 (3) ("If the employer is insured, th[e] term ['employer'] shall include his insurer as far as applicable").